STATE OF NORTH CAROLINA v. LEROY MITCHELL

No. 16

(Filed 11 March 1970)

**1. Criminal Law §§ 146, 174— constitutional questions — appeal of right — preserving question for review**

While an appeal lies of right to the Supreme Court from any decision of the Court of Appeals in a case which directly involves a substantial question arising under the Constitution of the United States or the Constitution of this State, in order to exercise this right, the appellant must follow appropriate procedures for raising and for preserving for review such constitutional question.

**2. Criminal Law § 169—— admission of incompetent evidence — failure to object**

Nothing else appearing, the admission of incompetent evidence is not ground for a new trial where there was no objection at the time the evidence was offered, even though appellant asserts the evidence was obtained in violation of his rights under the Constitution of the United States or under the Constitution of this State.

**3. Criminal Law §§ 146, 174—— consideration of constitutional questions by Supreme Court — necessity for raising question in trial court and Court of Appeals**

The Supreme Court will not pass upon the merits of a litigant's contention that his constitutional right has been violated by a ruling or order of a lower court unless, at the time the alleged violation of the right occurred or was threatened by a proposed procedure, ruling or offer of evidence, or at the earliest opportunity thereafter, the litigant made an appropriate objection, exception or motion and thereafter preserved the constitutional question at each level of appellate review by an appropriate assignment of error and by argument in his brief.

**4. Criminal Law §§ 146, 174—— failure to raise search and seizure question below — defendant's status as tenant not known by defense counsel**

Assertion by defendant for the first time in his notice of appeal to the Supreme Court that he was a tenant of the room wherein he lay asleep and drunk when a ring was taken from his finger by a police officer, and that the constitutional question which he now attempts to raise with reference to the taking of the ring was not raised in the Court of Appeals because defendant's status as a tenant was only recently communicated to defendant's attorney, if true, does not exempt defendant from the rule that constitutional questions not properly raised in the trial court and the Court of Appeals will not be considered by the Supreme Court.

**5. Criminal Law §§ 146, 174—— failure to raise properly any constitutional question — dismissal of appeal**

Appeal is dismissed for failure of defendant to raise by appropriate and available procedures any substantial constitutional question for consideration of the Supreme Court, where defendant's notice of appeal and brief present only questions as to the constitutionality of the admission of a ring taken from defendant by police officers while defendant was asleep and drunk and the admission of testimony concerning defendant's statements and actions while in the company of two police officers in a police car, but the record shows that, in the trial court, defendant did not object to any testimony of any witness concerning the entry of police officers into the room where defendant was found, the taking of the ring from his finger, the identification of the ring, or any statement or action of the defendant while in the presence of police officers, the record shows no exception to any ruling of the trial court with reference to these matters, and upon appeal to the Court of Appeals, no ruling of the trial court relating to any of these matters was assigned as error.

STATE *v.* MITCHELL

APPEAL by defendant from the decision of the Court of Appeals, reported in 7 N.C. App. 49.

The defendant was convicted of common law robbery and sentenced to imprisonment for a term of six to ten years at the 19 May 1969 Criminal Session of New Hanover Superior Court upon an indictment, proper in form. The Court of Appeals affirmed.

The evidence for the State consisted of the testimony of the alleged victim of the robbery (Bradley) and two police officers (Hanes and Genes). It was ample to support the verdict. The defendant did not testify but offered one witness, whose testimony tended to establish an alibi.

Without objection, Bradley testified on direct examination: Entering the gate to his rooming house about 2:00 a.m., he was seized by the defendant, with whom he was acquainted, and four other men, beaten and robbed of his wedding ring and money. The following afternoon he saw the defendant on the street in the vicinity. The defendant was wearing Bradley's ring and refused to surrender it. Bradley then went to the police and returned to the vicinity with Officer Hanes. The defendant was in bed with Bradley's ring on his finger. The State's Exhibit (not shown in the record to have been actually introduced in evidence) is Bradley's ring.

On cross examination, without objection, Bradley testified: He took Officer Hanes where the defendant was. The defendant was lying across a bed in a drunken sleep from which Officer Hanes was unable to arouse him. Officer Hanes took Bradley's ring off the defendant's finger. Leaving the defendant there, Bradley and Officer Hanes returned to the police station. Thereafter, Bradley, accompanied by Officer Genes, returned in a police car to the house where Bradley and Officer Hanes had found the defendant on the bed. This time, the defendant was out on the sidewalk. He walked up to the police car, got in without being told to do so and entered into a conversation with Bradley about the ring and pocketbook. Upon Bradley's statement that the defendant must have taken his ring and pocketbook, the defendant started to leave the police car. Officer Genes then told the defendant he was under arrest. Thereupon, the defendant ran away.

Officer Hanes testified, over objection, to statements made to him by Bradley. The court instructed the jury that this testimony was admitted for the sole purpose of "corroborating the witness" if the jury found it did so "corroborate the witness."

Without objection, Officer Hanes testified: He took Bradley to

the house in which they found the defendant and knocked. A woman came to the door and told him he might enter to see the defendant, directing him to the room where the defendant was. Going to that room, Officer Hanes observed the defendant lying face down across the bed in a drunken sleep from which Officer Hanes could not arouse him. Officer Hanes removed the ring, identified by Bradley, from the defendant's finger, returned with Bradley to the police station and turned the ring over to Officer Genes.

Officer Genes testified, over objection, to statements made to him by Bradley. The court instructed the jury that this testimony was admitted for the sole purpose of "corroborating the witness" if the jury found it did "corroborate the witness."

Without objection, Officer Genes testified that he and Bradley went to the house where the defendant had been observed across the bed. After a conversation with Bradley on the sidewalk, the defendant came over to the patrol car, got into the front seat and asked Officer Genes to "tell this man [Bradley] I ain't got no ring of his." The defendant and Bradley then engaged in an argument and the defendant jumped out of the car. Officer Genes then told him, "Leroy, I'm going to have to place you under arrest." The defendant ran away. That night Officer Genes "took a warrant out for him." The State's Exhibit #1 (not shown in the record to have been actually introduced in evidence) is the ring which Bradley said belonged to him and which was delivered to Officer Genes by Officer Hanes.

Upon his appeal to the Court of Appeals, the defendant made only four assignments of error. These were: (1) The admission of the testimony of Officer Hanes as to the statements made to him by Bradley; (2) the admission of the testimony of Officer Genes as to statements made to him by Bradley; (3) a portion of the court's review of the testimony in the charge to the jury; and (4) the failure of the court to state the evidence sufficiently and to give equal stress to the contentions of the parties.

In his brief to the Court of Appeals, the defendant made the following further contentions: (1) At the time of his arrest, he was not advised of his right to remain silent and his right to have counsel appointed; and (2) he was searched and evidence was taken from him without a search warrant. These actions were asserted to have been "in violation of his constitutional rights" but the brief contained no other statement in support of these contentions, save a bare citation of *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1062, 16 L. Ed. 2d 694.

The notice of appeal from the Court of Appeals states as the only grounds for appeal: (1) "The appellant's room * * * where he was residing as a tenant, was entered without his permission and without a valid search warrant by a police officer * * * [who] took from the person of the appellant who was asleep and intoxicated a ring * * * and that the fruits of this search were introduced into evidence at the appellant's subsequent trial" in violation of his rights under Amendment IV to the Constitution of the United States; and (2) appellant's rights under Amendments V and VI to the Constitution of the United States were violated in that the investigation of the alleged robbery having reached the accusatory stage, the police officer, knowing the appellant to be highly intoxicated, and without warning him of his right to remain silent and of his right to have the assistance of counsel, and without warning him that anything he said might be used against him, "allowed the prosecuting witness to interrogate and question the appellant, the fruits of which were introduced into evidence against the appellant at his subsequent trial."

The notice of appeal states that the first of these constitutional questions "was not raised in the Court of Appeals due to the fact that appellant's status as a tenant was only recently communicated to appellant's attorney," and the second constitutional question "was not raised in the Court of Appeals."

Nothing in the record suggests that the defendant was a tenant of the house or of the room where he lay drunk and asleep when the ring was taken from his finger by Officer Hanes.

*Attorney General Morgan and Roy A. Giles, Jr., Staff Attorney, for the State..*

*Murchison, Fox & Newton for defendant.*

LAKE, J.

[1]     G.S. 7A-30 provides that, subject to an exception not here material, an appeal lies of right to this Court from any decision of the Court of Appeals in a case which directly involves a substantial question arising under the Constitution of the United States or the Constitution of this State. In' order to exercise this right, however, the appellant must follow appropriate procedures for raising and for preserving for review such constitutional question.

In *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376, the defendant was indicted for murder. Over his objection, the trial court admitted

in evidence a vodka bottle, found by police officers in a bedroom of his house, and testimony concerning its discovery. On appeal to the Court of Appeals, this was assigned as error but this assignment was not discussed in the appellant's brief filed in the Court of Appeals and no reason or argument was cited in support of it. The Court of Appeals did not discuss this assignment of error in its opinion, apparently treating it as abandoned by the appellant. Upon appeal to this Court, the appellant asserted that the admission of the evidence violated his constitutional rights because it was the tainted fruit of an illegal search. Speaking through Huskins, J., we said at pp. 309-310:

> "Now in this Court for the first time in the appellate division, defendant seeks to inject the constitutionality of the search of the bedroom * * *. This he cannot do. The Supreme Court reviews the decision of the Court of Appeals for errors of law allegedly committed by it and properly brought forward for consideration.
>
> "* * * 'Appellate courts will not ordinarily pass upon a constitutional question unless it affirmatively appears that such question was raised and passed upon in the trial court. *State v. Jones,* 242 N.C. 563, 564, 89 S.E. 2d 129. This is in accord with the decisions of the Supreme Court of the United States. *Edelman v. California,* 344 U.S. 357, 358 [97 L. ed. 387, 73 S. Ct. 293].' *State v. Grundler,* 251 N.C. 177, 111 S.E. 2d 1. Thus, the new question is not properly before us because it was not raised and passed upon in the Court of Appeals."

The record in the present case shows that, in the trial court, the defendant did not object to any testimony of any witness concerning either the entry of Officer Hanes and Bradley into the room where the defendant was found, the taking of the ring from his finger, the identification of the State's Exhibit #1 as the ring so taken, or any statement or action of the defendant while in the presence of Officer Genes and Bradley. The record shows no exception to any ruling of the trial court with reference to any of these matters. Upon the appeal to the Court of appeals, no ruling of the trial court relating to any of these matters was assigned as error.

[2]    It is elementary that, "nothing else appearing, the admission of incompetent evidence is not ground for a new trial where there was no objection at the time the evidence was offered." *State v. Williams,* 274 N.C. 328, 334, 163 S.E. 2d 353; *State v. McKethan,* 269 N.C. 81, 152 S.E. 2d 341; *State v. Camp,* 266 N.C. 626, 146 S.E. 2d 643; *Lambros v. Zrakas,* 234 N.C. 287, 66 S.E. 2d 895; *State v.*

*Fuqua,* 234 N.C. 168, 66 S.E. 2d 667; *State v. Hunt,* 223 N.C. 173, 25 S.E. 2d 598; Stansbury, North Carolina Evidence, 2d Ed., § 27; Wigmore on Evidence, 3rd Ed., § 18. An assertion in this Court by the appellant that evidence, to the introduction of which he interposed no objection, was obtained in violation of his rights under the Constitution of the United States, or under the Constitution of this State, does not prevent the operation of this rule.

[3]     This Court will not pass upon the merits of a litigant's contention that his constitutional right has been violated by a ruling or order of a lower court, unless, at the time the alleged violation of such right occurred or was threatened by a proposed procedure, ruling or offer of evidence, or at the earliest opportunity thereafter, the litigant made an appropriate objection, exception or motion and thereafter preserved the constitutional question at each level of appellate review by an appropriate assignment of error and by argument in his brief. *State v. Colson, supra; State v. Grundler and State v. Jelly,* 251 N.C. 177, 111 S.E. 2d 1; *State v. Jones,* 242 N.C. 563, 89 S.E. 2d 129. As Stone, C.J., speaking for the Supreme Court of the United States, said in *Yakus v. United States,* 321 U.S. 414, 444, 64 S. Ct. 660, 88 L. Ed. 834, "No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it."

[4]     In his notice of appeal to this Court, the defendant asserts, for the first time, that he was a tenant of the room wherein he lay when the ring was taken from his finger by Officer Hanes, and that the constitutional question, which he now attempts to raise with reference to such taking of the ring, "was not raised in the Court of Appeals due to the fact that appellant's status as a tenant was only recently communicated to appellant's attorney." If true, this does not exempt him from the operation of the above mentioned rule. Nothing in the record supports his contention that he was occupying the room as a tenant. If he was, that fact was within his knowledge at the time the evidence in question was introduced.

The defendant does not even suggest any reason for his failure to raise, either in the trial court or in the Court of Appeals, any question as to the admissibility of testimony concerning his statements and actions while in the police car in the company of Officer Genes and Bradley.

[5]     We, therefore, do not reach and do not pass upon any constitutional question as to the admissibility of any of the evidence of which the defendant complains in his notice of appeal and in his

brief filed in this Court. The appeal is dismissed for the failure of the defendant to raise by appropriate and available procedures any substantial constitutional question for the consideration of this Court.

Appeal dismissed.