STATE OF NORTH CAROLINA v. ROBERT JEROME LAMPKINS

No. 94

(Filed 1 June 1973)

1. **Criminal Law § 46— flight of defendant — sufficiency of evidence to support instructions**

    Trial court's instruction with respect to the flight of defendant was supported by the evidence where it tended to show that numerous attempts were made by an officer to locate defendant but four months elapsed after commission of the offense before defendant was apprehended.

2. **Criminal Law § 118— misstatement of contention — no prejudice**

    The trial judge may have overstated the State's contentions with respect to the flight of defendant by saying that defendant left the county and town where the alleged offense took place; however, error in stating where defendant fled was not material and that slight inaccuracy in the statement of contentions is not reversible error since the misstatement was not called to the court's attention in apt time to allow correction.

3. **Criminal Law §§ 88, 169— cross-examination as to collateral matter — instruction to disregard testimony — no error**

The general rule that answers made by a witness to collateral questions on cross-examination are conclusive does not preclude the examiner from pressing or sifting the witness by further cross-examination; therefore, there was no error in the cross-examination of defendant in a first degree burglary case with respect to his involvement as defendant in a nonsupport case, particularly where there were no objections to the questions asked or motions to strike the answers given and where the trial court subsequently explained the solicitor's reasons for the cross-examination and unequivocally withdrew the testimony from the jury's consideration.

4. **Burglary and Unlawful Breakings § 5— first degree burglary — sufficiency of evidence**

In a first degree burglary case, testimony of a witness, standing alone, was sufficient to carry the case to the jury where that testimony tended to show that defendant entered the witness's apartment and started hitting her, pushed her on the bed and verbally indicated his intention to have intercourse with her; the witness fled from the apartment while defendant was removing his trousers; defendant overtook the witness and continued the assault until a neighbor yelled at him, whereupon defendant fled; and the witness had previously known defendant and recognized him when he passed the lighted bathroom.

APPEAL by defendant from *Collier, J.,* 4 December 1972 Session of FORSYTH Superior Court.

Defendant was tried upon a bill of indictment charging him with first degree burglary. He entered a plea of not guilty.

The State's evidence tended to show that Miss Linda Faye Crockett lived alone in a two-bedroom apartment in Winston-Salem, North Carolina. On the night of 28 July 1972, she retired around midnight and left the light on in her bathroom with the door partially open. About 30 minutes later Miss Crockett heard someone at her front room window. After trying without success to call a neighbor, she went to her bedroom door where she encountered a man who came through the window and started hitting her. Miss Crockett's assailant pushed her on the bed, tore her clothes off and verbally indicated his intentions to have intercourse with her. She managed to flee out the back door of the apartment while her assailant was removing his trousers. He overtook her and continued the assault until a neighbor "yelled" at him. Her assailant then fled. Miss Crockett had previously known defendant and testified that she recognized him when he passed the lighted bathroom.

Defendant and his several witnesses testified that defendant left Winston-Salem with his girl friend on or about the 21st day of July 1972 and that he did not return to Winston-Salem until on or after 1 August 1972. Defendant positively testified that he was in Gastonia on the night of 28 July 1972 and that he did not rape Miss Crockett.

The jury returned a verdict of guilty of first degree burglary.

*Attorney General Morgan; Assistant Attorney General H. A. Cole, Jr., and Assistant Attorney General Walter E. Ricks III for the State.*

*Legal Aid Society of Forsyth County by David B. Hough, attorney for defendant.*

BRANCH, Justice.

[1] Defendant contends that the trial judge erred by instructing the jury as to flight by defendant because there was no evidence in the record to support such instruction.

The challenged portion of the charge reads as follows:

"Now the State contends that the defendant in this case left Forsyth County and Winston-Salem sometime shortly after this alleged burglary took place, and he remained gone for some period of time thereafter.

Now evidence of flight may be considered by you together with all other facts and circumstances in this case in determining whether the combined circumstances amount to an admission or show a consciousness of guilt. However, proof of this circumstance is not sufficient, in itself, to establish the defendant's guilt."

The evidence relating to defendant's flight after the alleged crime was the statement of Officer Kenneth Ray Cook of the Winston-Salem Police Department, viz:

"I made numerous checks at locations throughout the east side in an attempt to locate the defendant, and it was approximately four months later that I finally talked with him. I had a warrant with me and I placed the defendant under arrest for first degree burglary."

Authority is somewhat meager and diverse on the precise question here presented.

Some jurisdictions hold that flight before arrest raises a legal presumption of guilt. Annot., 25 A.L.R. 886, at 890; 29 Am. Jur. 2d Evidence § 280.

The rule in North Carolina is that flight of an accused may be admitted as some evidence of guilt. However, such evidence does not create a presumption of guilt, but may be considered with other facts and circumstances in determining whether all the circumstances amount to an admission of guilt or reflect a consciousness of guilt. Proof of flight, standing alone, is not sufficient to amount to an admission of guilt. An accused may explain admitted evidence of flight by showing other reasons for his departure or that there, in fact, had been no departure. *State v. Self,* 280 N.C. 665, 187 S.E. 2d 93; *State v. Gaines,* 260 N.C. 228, 132 S.E. 2d 485; *State v. Downey,* 253 N.C. 348, 117 S.E. 2d 39; *State v. Godwin,* 216 N.C. 49, 3 S.E. 2d 347; *State v. Payne,* 213 N.C. 719, 197 S.E. 573; *State v. Lewis,* 209 N.C. 191, 183 S.E. 357; *State v. Hairston,* 182 N.C. 851, 109 S.E. 45; *State v. Malonee,* 154 N.C. 200, 69 S.E. 786; 2 Stansbury North Carolina Evidence § 178 (Brandis rev. 1973).

This Court, in accord with earlier decisions, has recently approved an instruction nearly identical to the one here challenged. *State v. Self, supra.* However, we must consider defendant's contention that there is no evidence in the record warranting such instruction.

Defendant did not object to the introduction of the evidence as to flight and, therefore, the *competency* of the evidence is not challenged. *State v. Camp,* 266 N.C. 626, 146 S.E. 2d 643; *State v. Gaskill,* 256 N.C. 652, 124 S.E. 2d 873. Moreover, most jurisdictions recognize that testimony of a law enforcement officer to the effect that he searched for the accused without success after the commission of the crime is competent. See cases collected in Annot., 25 A.L.R. 886; Wharton's Criminal Evidence § 214 (1972). See also *State v. Wallace,* 162 N.C. 622, 78 S.E. 1; *State v. Jones,* 93 N.C. 611.

A trial judge should never give instructions to a jury which are not based upon a state of facts presented by some reasonable view of the evidence. When such instructions are prejudicial to the accused he would be entitled to a new trial. *State v. McClain,* 282 N.C. 396, 193 S.E. 2d 113; *State v. McCoy,* 236

N.C. 121, 71 S.E. 2d 921; *State v. Wilson,* 104 N.C. 868, 10 S.E. 315. This rule is consistent with the statement of the Court in *State v. Gaskins,* 252 N.C. 46, 112 S.E. 2d 745:

> " ' . . . (E)vidence which merely shows it possible for the fact in issue to be as alleged, or which raises a mere conjecture that it was so, is an insufficient foundation for a verdict, and should not be left to the jury.' *State v. Vinson,* 63 N.C. 335, 338. ' . . . (S)uch facts and circumstances as raise only a conjecture or suspicion ought not to be allowed to distract the attention of juries from material matters . . . ' *Pettiford v. Mayo,* 117 N.C. 27, 28, 23 S.E. 252, 253."

The defendant's flight was submitted to the jury as a circumstance showing some evidence of guilt in the case of *State v. Beard,* 207 N.C. 673, 178 S.E. 242. We quote the pertinent portion of that case:

> "The evidence tending to show that the defendant was not at his father's home in Lenoir when the officers went there, after the arrest of Alvin Eller, in search of the defendant, was at least not prejudicial to the defendant, whose evidence tended to show that his absence from his father's home, where he was living at the date of the homicide, had no connection with the charge against him in this case. The evidence for the defendant tended to show that he left his father's home several days after the homicide and before he was accused of the murder of the deceased, and went to a distant state, in compliance with the terms of a judgment against the defendant in a criminal action pending in the Superior Court of Caldwell County. This evidence was properly submitted to the jury as tending to rebut any presumption against the defendant in this case, from his absence from his home after the murder of Augustus Bounos."

The Supreme Court of Missouri considered a question similar to the one here presented in *State v. Davis,* 237 Mo. 237, 140 S.W. 902. There the Court said:

> "The instruction as to flight was in approved form and the evidence of the city marshal, who testified as to his search for appellant from the 3d to the 7th of February and his subsequent capture in another county, justified the court in giving it."

We conclude that the judge's charge as to flight was based on evidence reasonably supporting the theory that defendant had fled after commission of the crime.

[2] Perhaps the trial judge inadvertently overstated the State's contentions by saying that defendant left Forsyth County and Winston-Salem; however, error in stating contentions as to where defendant had fled is not material, and this slight inaccuracy in the statement of contentions will not be held reversible error since the misstatement was not called to the court's attention in apt time to allow correction. *State v. McClain, supra; State v. Butler,* 269 N.C. 733, 153 S.E. 2d 477; *State v. Shumaker,* 251 N.C. 678, 111 S.E. 2d 878.

Defendant's defense of alibi was properly and fairly presented to the jury by the trial judge, and defendant was given full opportunty to cross-examine witnesses and to explain his departure.

This assignment of error is overruled.

[3] Defendant next contends that the trial judge erred by allowing the Solicitor to cross-examine him concerning a crime for which he has not been convicted.

Defendant was asked if he had been arrested and convicted of nonsupport on 9 May 1972. He admitted the arrest but denied having been convicted, explaining that the warrant had actually been issued for his brother. The Solicitor continued to cross-examine in this vein:

"Q. Do you deny having a child by Beverly McDowell?

A. Yes, I deny. I did not. I went to court for it yesterday. They said they couldn't try me if I am the wrong one, so they issued a capias on my brother.

Q. Didn't they find you guilty?

A. No, they didn't.

Q. And give you six months assigned to the North Carolina Department of Corrections?

A. No, they didn't.

Q. In jail?

A. No.

Q. And to pay the costs?

A. No.

Q. And to pay $15 a week to Artemia McDowell, born August 1, 1971?

A. I don't know when the baby was born. It is not mine.

Q. And you are not paying anything on it?

A. No, I am not because my name is not Roger Lampkins, and I went to court for it. (R pp 40-41)."

After a brief recess, the court stated to the jury:

"3. 'Court: Members of the jury, due to the apparent misunderstanding or conflict regarding the nonsupport charge about which questions were asked this morning pertaining to the defendant, we made an investigation during the noon hour, the State and defendant's attorney, and they agreed that I could explain to you that that pertains to his brother, the defendant's brother, and not the defendant, because of the similarity of the names that was causing a great deal of confusion. So for the record and for everyone's benefit, for what benefit it might be, that did not pertain to this defendant, that nonsupport business that took place earlier in the week in the lower court.' "

Ordinarily, there must be timely objection when the evidence is offered in order to present on appeal a contention that evidence is incompetent. *State v. Mitchell,* 276 N.C. 404, 172 S.E. 2d 527; *State v. Williams,* 274 N.C. 328, 163 S.E. 2d 353; *State v. Camp, supra.* And exceptions which appear nowhere in the record except in the assignments of error will not be considered on appeal. *State v. Washington,* 283 N.C. 175, 195 S.E. 2d 534; *Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240; *Cratch v. Taylor,* 256 N.C. 462, 124 S.E. 2d 124; Rule 21 of the Supreme Court Rules of Practice.

An examination of that portion of the record here challenged reveals no objections to the questions asked or motions to strike the answers given. Nor does the record show exceptions except within the assignment of error. However, because of the gravity of the crime charged, we elect to consider the contention here presented. *State v. Gaskill, supra.*

The general rule that answers made by a witness to collateral questions on cross-examination are conclusive does not

preclude the examiner from pressing or "sifting" the witness by further cross-examination. The extent of the cross-examination rests largely in the discretion of the trial judge. *State v. Fountain,* 282 N.C. 58, 191 S.E. 2d 674; *State v. Robinson,* 272 N.C. 271, 158 S.E. 2d 23. Abuse of discretion on the part of the trial judge does not appear.

Further, any error which may have resulted from the cross-examination by the Solicitor was cured when the trial judge clearly explained the Solicitor's reasons for the cross-examination and unequivocally withdrew the testimony from the jury's consideration.

Defendant's final assignment of error is that the trial judge erred by denying his motions for judgment as of nonsuit.

[4]   We do not deem it necessary to here repeat the well known rules concerning sufficiency of evidence to repel motions for judgment as of nonsuit. These rules are fully stated in the cases of *State v. Cutler,* 271 N.C. 379, 156 S.E. 2d 679; *State v. Bruton,* 264 N.C. 488, 142 S.E. 2d 169, *State v. Virgil,* 263 N.C. 73, 138 S.E. 2d 777, and *State v. Bass,* 255 N.C. 42, 120 S.E. 2d 580. We think it sufficient to state that when tested by these rules the testimony of the witness Linda Faye Crockett, standing alone, was sufficient to carry the case to the jury.

Careful examination of this entire record discloses no error prejudicial to defendant.

No error.