STATE OF NORTH CAROLINA v. FREDDIE LEE

No. 741SC952

(Filed 19 February 1975)

1. Criminal Law § 66— description of robber by victim — testimony that description "fit" defendant

The trial court in a common law robbery case did not err in permitting two police officers to testify on cross-examination that the descrip-

State v. Lee

tion of the alleged robber which the victim gave them "fit" the defendant.

**2. Criminal Law § 46— flight of defendant — sufficiency of evidence to support instruction**

The trial court did not err in giving an instruction on the flight of defendant where the evidence tended to show that defendant was not seen for five or six days in an area where he would normally be found, that the sheriff who had a warrant for defendant's arrest searched the area for five or six days, but the sheriff made no inquiries whatsoever as to defendant's whereabouts.

APPEAL by defendant from *James, Judge.* Judgment entered 29 May 1974 in Superior Court, PERQUIMANS County. Heard in the Court of Appeals 23 January 1975.

By indictment, proper in form, defendant was charged with the common law robbery of one Aubrey Jordan on 25 August 1973. He was tried first at the 29 October 1973 Session of Superior Court held in Perquimans County, was found guilty as charged, and from judgment imposing prison sentence of not less than eight nor more than ten years, he appealed to the Court of Appeals. This court, in an opinion reported in 21 N.C. App. 337, 204 S.E. 2d 192 (1974), ordered a new trial for the reason that defendant was not provided an attorney at his trial.

At his retrial, defendant was represented by court appointed counsel, pleaded not guilty, was found guilty as charged, and from judgment imposing prison sentence of not less than eight nor more than ten years, with credit to be given for time spent in custody awaiting trial, he appealed.

*Attorney General Rufus L. Edmisten, by Noel Lee Allen, Associate Attorney, for the State.*

*W. T. Culpepper III for defendant appellant.*

BRITT, Judge.

[1] By the first assignment of error argued in his brief, defendant contends the trial judge committed prejudicial error in permitting two police officers to testify on cross-examination that the description of the alleged robber which the victim gave them "fit" the defendant. We find no merit in the assignment.

Conceding, *arguendo,* that the testimony was improper in that it invaded the province of the jury, we perceive no prej-

udice to the defendant in this case. The question propounded to the first officer was, "[d]id the description of the short light-skinned individual that Mr. Jordan gave you fit the Defendant, Freddie Lee?" The witness answered, "[i]t does." The question propounded to the second witness was, "I ask you whether or not the description he gave you fits Freddie Lee?" The answer was, "[w]ell, it could. He is bushy-headed and light-complexioned." With the defendant being in full view of the jury at trial, we think the jurors were in position to see for themselves if defendant was "short," "light-skinned" or "bushy-headed," and that the answers given by police had little or no effect on the jurors' judgment.

[2] By the second assignment of error argued in his brief, defendant contends the trial judge committed prejudicial error in instructing the jury on the question of flight. Although this assignment presents a close question, considering the facts in this case and the wording of the instruction, we do not think the court erred to the prejudice of defendant.

It appears that the instruction with respect to flight was predicated on the testimony of Sheriff J. H. Broughton who was presented as a rebuttal witness by the State and whose testimony is summarized in pertinent part as follows: He was serving as sheriff in August of 1973 and had been personally acquainted with defendant practically all of his (defendant's) life. On Saturday afternoon (25 August 1973), he received an arrest warrant for defendant and for the next six days attempted to find defendant for purpose of serving the warrant. He located defendant and served the warrant on Friday, 31 August 1973. During those six days he looked for defendant mostly on King Street (in the Town of Hertford where other testimony showed defendant resided). In trying to locate defendant, he did not make any inquiry as to defendant's whereabouts but tried to find defendant " . . . just by riding and looking for him . . . . " He had a particular reason for not making any inquiry as to where defendant might be.

The instruction challenged by this assignment was as folows:

> Now it is contended by the State, whether the evidence shows it is for you and you alone to say, that the defendant disappeared, and was not seen for five or six days, the officer's testimony being that he had a warrant for him

and drove around through the area which he knew the defendant would normally be in, but did not see him, but made no inquiries as to where the defendant was, did not ask any person where he might be found, made no oral inquiry whatsoever and did not see him for five or six days, the State saying and contending that that was evidence of flight, or secluding himself.

I instruct you that evidence of flight may be considered by you together with all other facts and circumstances in this case in determining whether the combined circumstances amount to an admission or show perhaps a consciousness of guilt. However, I instruct you that proof of circumstances, that is proof of flight, in and of itself is not sufficient to establish the defendant's guilt.

On the question of flight, our Supreme Court in *State v. Lampkins,* 283 N.C. 520, 523, 196 S.E. 2d 697, 698 (1973), said:

Some jurisdictions hold that flight before arrest raises a legal presumption of guilt. Annot., 25 A.L.R. 886, at 890; 29 Am. Jur. 2d Evidence § 280.

The rule in North Carolina is that flight of an accused may be admitted as some evidence of guilt. However, such evidence does not create a presumption of guilt, but may be considered with other facts and circumstances in determining whether all the circumstances amount to an admission of guilt or reflect a consciousness of guilt. Proof of flight, standing alone, is not sufficient to amount to an admission of guilt. An accused may explain admitted evidence of flight by showing other reasons for his departure or that there, in fact, had been no departure. (Numerous citations.)

The testimony of Sheriff Broughton summarized above was not objected to, therefore, the question of competency of the evidence is not presented. We think the evidence was sufficient to raise an inference that defendant had departed the community or was secluding himself, therefore, the court was justified in providing the instructions that he did. In fact, the evidence having been admitted, (and, no doubt the question of flight was argued by the attorneys to the jury), defendant might have been prejudiced if the court had not given the instructions

and thus clarified the weight that the evidence should be given. The assignment of error is overruled.

We hold that defendant received a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge CLARK concur.