STATE OF NORTH CAROLINA v. WALLACE D. RILEY

No. 789SC138

(Filed 11 July 1978)

1. **Criminal Law § 162— failure to object or make motion to strike**

     Defendant's assignment of error to his cross-examination which allegedly violated his right to remain silent is overruled since defendant neither objected nor moved to strike evidence at trial, and he therefore cannot complain for the first time on appeal.

2. **Criminal Law § 169.2— objection sustained—defendant not prejudiced**

     Defendant was not prejudiced by the prosecutor's asking, during cross-examination of defendant, when he first advised his attorney of his exculpatory explanation, since defendant's objection to such questioning was sustained.

APPEAL by defendant from *Baley, Judge*. Judgment entered 15 September 1977 in Superior Court, GRANVILLE County. Heard in the Court of Appeals 1 June 1978.

Defendant was indicted and tried for first degree murder, convicted by a jury of voluntary manslaughter, and received a ten-year sentence.

At trial, the State presented evidence which tended to show that on the night of 17 November 1974, defendant entered a pool

hall in Stem and was approached by Jackie Strange, who was slapped by defendant and knocked against a pool table. Shortly thereafter, defendant went to the back room, and after a comment, Allen Grissom stood up; defendant produced a gun and shot Grissom, who later died. Two witnesses saw defendant with a gun shortly after the shooting approximately three feet from the deceased. Tests made on defendant's hands indicated he had fired a gun from his right hand.

Defendant testified that on the night in question, he slapped Strange after Strange told him he had damaged defendant's property, but he apologized and they shook hands. Defendant testified that after this incident every time he went to the back room, decedent "would pick at" him. Finally, decedent got up and approached defendant with an open knife, and when he did not stop his advance upon being warned, defendant shot him. An open pocket knife was found under a pool table by Thomas Crabtree after the incident.

On cross-examination, defendant was asked about certain statements he made after he had been given his *Miranda* warning and was in custody. One of these questions concerned when he told his attorney the story he testified to at trial. Counsel objected, and the trial court did not require defendant to answer that question. The questions that were allowed were in reference to his responses to certain of the officers' questions at the time of investigation.

Defendant appealed.

*Attorney General Edmisten, by Associate Attorney Norman M. York, Jr., for the State.*

*Watkins, Finch & Hopper, by William T. Watkins, and Vann & Vann, by Arthur Vann, Sr., for defendant appellant.*

ERWIN, Judge.

[1] Defendant presents two questions for our resolution. He first contends that his right to remain silent was violated when defendant was cross-examined in an effort to impeach his contention of self-defense, which was asserted for the first time at trial. Defendant was questioned by the prosecution as to why he did not give his exculpatory version of the incident to the officers after being

arrested and after he had been given his *Miranda* warnings. In support of this argument, defendant relies primarily on *Doyle v. Ohio*, 426 U.S. 610, 49 L.Ed. 2d 91, 96 S.Ct. 2240 (1976), *State v. Williams*, 288 N.C. 680, 220 S.E. 2d 558 (1975), and *State v. Castor*, 285 N.C. 286, 204 S.E. 2d 848 (1974).

Defendant has noted four exceptions which, he asserts, support this first assignment of error. Three relate to the cross-examination of defendant, and the fourth is noted in the cross-examination of one of defendant's witnesses. In three of the instances complained of, defendant neither made an objection nor a motion to strike. (The fourth exception is noted following defendant's objection to a question which sought to determine when defendant first told his attorney that he had acted in self-defense; defendant's objection was sustained as to his conversation with his counsel.)

In *Doyle, supra*, the U.S. Supreme Court noted that defendant had made timely objections to the questions asked. As Justice Lake wrote for our Supreme Court in *State v. Mitchell*, 276 N.C. 404, 409-10, 172 S.E. 2d 527, 530 (1970):

> "It is elementary that, 'nothing else appearing, the admission of incompetent evidence is not ground for a new trial where there was no objection at the time the evidence was offered.' . . . An assertion in this Court by the appellant that evidence, to the introduction of which he interposed no objection, was obtained in violation of his rights under the Constitution of the United States, or under the Constitution of this State, does not prevent the operation of this rule."

*See also State v. Lowery*, 286 N.C. 698, 213 S.E. 2d 255 (1975), *modified on other grounds*, 428 U.S. 902, 49 L.Ed. 2d 1206, 96 S.Ct. 3203 (1976); *State v. Jones*, 280 N.C. 322, 185 S.E. 2d 858 (1972). We note also that in the case of *State v. Foddrell*, 291 N.C. 546, 231 S.E. 2d 618 (1977), defendant sought to raise the same issues as defendant herein does. In *Foddrell*, Chief Justice Sharp cited the above rule with approval and observed:

> "To this contention there are several answers, each sufficient to overrule Assignment No. 16. One is that defendant neither objected to the questions at the time they were asked nor moved to strike the answers which were made.

The final question, to which objection was made and sustained, was not answered." 291 N.C. at 557, 231 S.E. 2d at 625-6.

This assignment of error is, therefore, overruled.

[2] Defendant's remaining argument is that he was prejudiced by the prosecutor's asking, during cross-examination of defendant, when he first advised his attorney of his exculpatory explanation. Defendant asserts that this was an improper inquiry into a matter covered by attorney-client privilege.

Two exceptions are noted in support of this argument. As to the first exception, again no objection was made and, in any event, the line of questioning at that point pertained to what defendant did or did not tell Deputy Brame, not his attorney. In the other instance, defendant's objection to the question was sustained. (There was an earlier question pertaining to communications between defendant and his attorney, to which defendant had his objection sustained. And in any event, no exception appears in the record as to that question.) Defendant's remaining assignment of error is overruled.

In the trial below, we find

No error.

Judges BRITT and ARNOLD concur.