STATE v. HILL

[105 N.C. App. 489 (1992)]

———————————

STATE OF NORTH CAROLINA v. RODNEY WENDELL HILL AND RICKY HILL

No. 912SC232

(Filed 3 March 1992)

1. **Criminal Law § 449 (NCI4th)— race of defendants and victim— references by court and attorneys—no plain error**

There was no merit to the black defendants' contention that references to a murder victim as white by the prosecutor, the trial court and one defendant's counsel allowed the issue of race to dominate defendants' trial and constituted plain error, since the evidence supported the jury's conclusion that

both defendants were guilty of second degree murder; there was no indication that the particular references to the race of the parties had a probable impact on the jury's finding that defendants were guilty; and the record shows that, with regard to each reference set forth by defendants as error, the prosecutor, the court, or the defense attorney was responding to a witness who identified the persons about whom they were testifying by color.

**Am Jur 2d, Trial §§ 276, 661.**

**2. Criminal Law § 382 (NCI4th) — questions by court — no expressions of opinion**

The trial court did not improperly express or imply an opinion as to defendants' guilt by questions tendered to several witnesses where the court's questions were clearly attempts to clarify confusing remarks made by both prosecution and defense witnesses.

**Am Jur 2d, Trial §§ 274, 294.**

**3. Evidence and Witnesses § 763 (NCI4th) — meaning of certain words — testimony improper — error cured by other proper testimony**

Any error of the trial court in allowing a witness to testify as to what defendant meant when he said, in referring to the murder victim, "we can take him," or "let's get him," was harmless error where there was other proper evidence supporting the conclusion that "let's get him" meant "let's rob him."

**Am Jur 2d, Witnesses § 434.**

**4. Homicide § 375 (NCI4th) — second degree murder — acting in concert — sufficiency of evidence**

There was sufficient evidence to convict one defendant of second degree murder under the theory of acting in concert where the evidence was sufficient to permit the jury to find that both defendants and a third person, pursuant to a plan or scheme to commit a crime against the victim, whether it was to rob him or physically assault him, walked across the parking lot from a convenience store to where the victim was sitting on his bike; one defendant hit the victim, causing him to fall from his bike; the victim pulled a gun out of his coat;

and the other defendant took the gun from the victim and shot and killed him.

**Am Jur 2d, Homicide §§ 28, 29, 425.**

5. **Criminal Law § 708 (NCI4th) — flight of defendant — erroneous instruction — harmless**

The trial court's error in instructing the jury that flight of the accused was some evidence of guilt when there was no evidence to support such an instruction was harmless error in light of all other evidence concerning defendant's guilt.

**Am Jur 2d, Trial § 1333.**

6. **Homicide § 550 (NCI4th) — murder prosecution — no lesser included offense of misdemeanor assault**

The trial court in a murder prosecution did not err in refusing to submit to the jury the lesser included offense of misdemeanor assault where the State presented ample positive evidence of second degree murder, and defendant's only defense was that he committed no crime at all.

**Am Jur 2d, Homicide § 530.**

7. **Criminal Law § 1081 (NCI4th) — three mitigating factors outweighed by one aggravating factor — sentence beyond presumptive term proper**

The trial court did not err in finding that one factor in aggravation, that defendant induced another to participate in the commission of a crime which resulted in the death of the victim, outweighed three mitigating factors, including defendant's good character in the community and that the victim himself brought the sawed-off shotgun to the scene of the crime, and the court therefore did not abuse its discretion in imposing a sentence in excess of the presumptive term.

**Am Jur 2d, Criminal Law §§ 598, 599.**

APPEAL by defendants from *Griffin (William C., Jr.), Judge.* Judgment entered 12 September 1990 in the Superior Court, MARTIN County. Heard in the Court of Appeals 8 January 1992.

Defendants were charged in a proper bill of indictment with the murder of Jay Priddyman. Although the witnesses at trial offered conflicting testimony, the evidence, taken in the light most

favorable to the State, tends to show that at approximately 11:00 p.m. on 5 December 1989, Jay Priddyman rode a bicycle to a location in Williamston, North Carolina known as "Moore's Corner." A convenience store and a parking lot were located on this corner. Priddyman stopped his bicycle and sat on it near a telephone pole located on the edge of the parking lot.

State witness Kenneth Brown testified that he drove to Moore's store that evening and saw Priddyman sitting on his bicycle. Defendant Ricky Hill walked over to Brown's car and said "something [to Williams] about robbing [Priddyman]." Williams testified that he then watched as Ricky and Rodney Hill and George Rucker walked over to Priddyman and began struggling with him. After a few minutes, Williams heard a gunshot and saw Jay Priddyman fall from his bike. Williams also saw Rodney Hill holding a gun.

State witness Danny Brown testified that he and George Rucker drove to Moore's corner around 11:00 p.m. that same evening. Brown stated that when he arrived, Priddyman was sitting on his bicycle near the telephone pole and Ricky and Rodney Hill were standing near the convenience store. According to Brown, Ricky walked over to the car wherein Brown and George Rucker were sitting and said "the white guy over there we can take him . . ." and "[l]et's get him." George Rucker also stated to Danny Brown "we're going to . . . take this white guy. We're going to rob him." Al Freddy Whitley testified that he saw Ricky and Rodney Hill along with George Rucker walk across the parking lot to the telephone pole where Priddyman was standing and, within a few minutes, he heard a gunshot.

According to the testimony of George Rucker, when he and Ricky walked over to Priddyman, Ricky Hill hit Priddyman in the face several times, knocking him off his bicycle. After he was on the ground, Priddyman pulled a gun out of his coat. Rodney and Rucker both struggled to take the gun away from Priddyman. Rodney eventually took control of the gun and shot Priddyman. A pathologist testified that Priddyman died as a result of a shotgun wound to the chest.

The jury found both Ricky and Rodney Hill guilty of second degree murder. Judge Griffin sentenced Rodney to forty (40) years imprisonment and sentenced Ricky to thirty (30) years imprisonment. Both defendants appeal from the judgment.

STATE v. HILL

[105 N.C. App. 489 (1992)]

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General W. Dale Talbert, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender M. Patricia DeVine, for defendant, appellant Rodney Hill.*

*J. Melvin Bowen for defendant, appellant Ricky Hill.*

HEDRICK, Chief Judge.

[1] Defendants first contend that the trial court committed reversible error by "allowing the issue of race to dominate the defendants' trial" and by questioning various witnesses in a manner which defendants argue violated their right to a fair trial. Both defendants are black males and the victim, Jay Priddyman, was a white male. Throughout the trial, the prosecutor repeatedly referred to Priddyman as "the white man" and the trial judge also referenced the victim by color on two occasions. It is important to note that defendant Ricky Hill's attorney also referred to Mr. Priddyman as "a white dude" and as a "white male" throughout his cross-examination of the State's witnesses. No objection was addressed to the trial court by either defendant concerning these references and they now argue that this Court should nevertheless review the alleged improper remarks as plain error.

The plain error rule as adopted by our Supreme Court in *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983), allows an appellate court to notice "plain errors or defects affecting substantial rights . . . not brought to the attention of the [trial] court." *Id.,* at 660, 300 S.E.2d at 378, *quoting* Rule 52(b) of the Federal Rules of Civil Procedure. The rule must be applied cautiously, however, and "only in the exceptional case where, after reviewing the entire record, it can be said that the claimed error is a *fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done . . . ." *State v. Odom*, 307 N.C. at 660, 300 S.E.2d at 378, *quoting United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982). Further, the record must indicate that the error ". . . had a probable impact on the jury's finding that the defendant was guilty." *State v. Black*, 308 N.C. 736, 741, 303 S.E.2d 804, 807 (1983).

As further discussed below, the evidence in this case supports the jury's conclusion that both defendants are guilty of second

degree murder. There is no indication that the particular references to the race of the parties about which defendants now complain "had a probable impact on the jury's finding that the defendant[s] [were] guilty." The record shows that, with regard to each reference set forth by defendants as error, the prosecutor, the court, or the defense attorney was responding to a witness who identified the persons about whom they were testifying by color. Allowing such a method of identification by witnesses did not cause the issue of race to improperly "dominate the defendants' trial."

[2]   There is also no indication within the record that the questions tendered by the trial court to several witnesses improperly expressed or implied an opinion by the court as to the defendants' guilt. G.S. 8C-1, Rule 614(b) specifically allows the court to interrogate witnesses, whether called by itself or by a party, and our Supreme Court has held that "[i]t is proper for a trial judge to direct questions to a witness which are designed to clarify or promote a better understanding of the testimony being given." *State v. Hunt*, 297 N.C. 258, 263, 254 S.E.2d 591, 596 (1979). While we recognize that a trial judge can very easily and unwittingly influence a jury by seemingly impartial remarks and should, therefore, exercise the greatest restraint in his comments, *State v. Staley*, 292 N.C. 160, 162-163, 232 S.E.2d 680, 682-683 (1977), the five instances referenced by defendants herein were clearly attempts by the court to clarify confusing remarks made by both prosecution and defense witnesses. Even assuming *arguendo* that the questions of the court cast some negative inference concerning the credibility of a particular witness, defendants make no effort to show any effect such inference had upon the result of the trial. *See State v. Perry*, 231 N.C. 467, 57 S.E.2d 774 (1950); *State v. Cole*, 14 N.C. App. 733, 189 S.E.2d 510 (1972).

[3]   Defendants next contend that the trial court erred in allowing State's witnesses Rucker and Brown to testify over objection concerning what defendant Ricky Hill meant by references to "taking" the victim. Specifically, on direct examination, Mr. Rucker stated, "[Ricky Hill] . . . told me um, there was a white guy, he was out there with a saw off [sic] and then he said let's get him." The prosecutor asked Mr. Rucker, "What did he mean by that?" and Mr. Rucker replied, "Rob him, I guess." Mr. Brown then testified that Ricky Hill stated, ". . . the white guy over there we can take him, you know," to which the prosecutor responded by asking,

"What do you think he meant by that?" Mr. Brown answered, "That they was going to rob him."

We agree that the question "[w]hat did he mean by that?" addressed to Mr. Rucker was improper in that it did not address the opinion of Mr. Rucker, and Mr. Rucker had no personal knowledge of Ricky Hill's meaning at the time Hill made this statement. G.S. 8C-1, Rule 602. It was proper, however, to ask Mr. Brown "[w]hat do you think he meant by that?" as the question was addressed to the personal perception of the witness and Mr. Brown's response was helpful to a clear understanding of the rest of his testimony. G.S. 8C-1, Rule 710; *State v. McElroy*, 326 N.C. 752, 392 S.E.2d 67 (1990). Any error in allowing Mr. Rucker to answer the improper question must therefore be harmless error in that there was other proper evidence supporting the conclusion that "let's get him" meant "let's rob him." *See State v. Torres*, 322 N.C. 440, 368 S.E.2d 609 (1988).

Further, Ricky Hill's statements alone, without any type of clarification by these witnesses, would allow the jury to conclude that Ricky had planned to commit a crime against Mr. Priddyman prior to the time that the codefendants and Rucker walked across the parking lot to where Priddyman was standing prior to the shooting. As discussed below, it is of no consequence whether the intended crime was robbery or assault.

[4] Defendant Ricky Hill next argues that the trial court erred in denying his motion to dismiss the charges against him at the close of the evidence as there was insufficient evidence to convict him of murder. Second degree murder is the unlawful killing of a human being with malice but without premeditation and deliberation. *State v. Jones*, 287 N.C. 84, 214 S.E.2d 24 (1975). It is well settled in this State that a defendant may be convicted of a crime if he is present at the scene of the crime and evidence is sufficient to show he is acting together with another who does the act necessary to constitute the crime pursuant to a common plan or purpose to commit the crime. *State v. Giles*, 83 N.C. App. 487, 490, 350 S.E.2d 868, 870 (1986), *disc. rev. denied*, 319 N.C. 460, 356 S.E.2d 8 (1987); *State v. Joyner*, 297 N.C. 349, 357, 255 S.E.2d 390, 395-396 (1979). Further, "if two [or more] persons join in a purpose to commit a crime, each of them, if actually or constructively present, is not only guilty as a principal if the other commits that particular crime, but he is also guilty of any other crime committed by the

other in pursuance of the common purpose." *State v. Westbrook*, 279 N.C. 18, 41, 181 S.E.2d 572, 586 (1971), *death penalty vacated*, 408 U.S. 939, 33 L.Ed.2d 761 (1972). *See State v. Oliver*, 302 N.C. 28, 55, 274 S.E.2d 183, 200 (1981); *State v. Joyner*, 297 N.C. at 357-358, 255 S.E.2d at 395-396.

The evidence in this case is sufficient to permit the jury to find that both defendants and George Rucker, pursuant to a plan or scheme to commit a crime against Jay Priddyman, whether it was to rob him or physically assault him, walked across the parking lot from the convenience store to where Priddyman was sitting on his bike. Ricky Hill hit Priddyman, causing him to fall from his bike. Priddyman pulled a gun out of his coat and Rodney Hill took the gun from him and shot and killed Priddyman. We hold that these facts, when found by the jury, are sufficient to support a verdict that defendant Ricky Hill is guilty of second degree murder.

[5] Defendant Ricky Hill next contends that he is entitled to a new trial due to the trial court's error in instructing the jury that flight of the accused is some evidence of guilt when there was no evidence to support such an instruction. Although it is the rule in North Carolina that the flight of a defendant may be considered by the jury as some evidence of guilt, *State v. Lampkins*, 283 N.C. 520, 523, 196 S.E.2d 697, 698 (1973), no instruction should be given "which [is] not based upon a statement of facts presented by some reasonable view of the evidence." *Id.*, at 523, 196 S.E.2d at 699. Erroneous instructions, when prejudicial, entitle a defendant to a new trial. *Id.*, *citing State v. McClain*, 282 N.C. 396, 193 S.E.2d 113 (1972); *State v. McCoy*, 236 N.C. 121, 71 S.E.2d 921 (1952); *State v. Wilson*, 104 N.C. 868, 10 S.E. 315 (1889).

The evidence shows that defendant Ricky Hill remained at the site of the crime for some time after the actual shooting occurred. Although he admitted that he was not present at the scene when police arrived, Ricky Hill took the time to speak with several persons who had observed the incident and to tell them that he had tried to stop the shooting. Ricky also requested that the police be called to the scene. Further, police arrested Ricky Hill at his place of residence the evening following the killing and there was nothing to indicate that he had deviated from his normal daily routine in any way.

The record is devoid of any indication that Ricky Hill fled following the commission of this crime. We cannot say, however, that this erroneous instruction caused prejudice to defendant Ricky Hill. The trial court instructed the jury as to both Ricky and Rodney Hill as follows:

> In this case, members of the jury, as you have been told the state contends that the defendant fled. Evidence of flight may be considered by you with all other facts and circumstances in this case in determining whether the combined circumstances amount to admission or show a consciousness of guilt. However, proof of this circumstance is not sufficient to establish either Defendants' guilt.

The court did not indicate by this instruction that there was in fact evidence to support the State's contention of flight with regard to Ricky. Further, in light of the sufficiency of all other evidence concerning Ricky's guilt, there is no reason to believe that the result of the trial would have been different had this instruction not been given. Any error was therefore harmless error. G.S. 15A-1443(a). *See State v. Ruffin*, 90 N.C. App. 705, 710, 370 S.E.2d 275, 278 (1988).

[6] Defendant Ricky Hill further argues that the trial court erred in refusing to submit to the jury the lesser included offense of misdemeanor assault. Several witnesses testified that Ricky hit the victim and caused him to fall from his bicycle prior to the shooting. Ricky Hill, however, denied that he touched Priddyman.

A trial court is required to submit to the jury a lesser included offense only when there is evidence from which the jury could find that the defendant committed the lesser included offense. *State v. Maness*, 321 N.C. 454, 460, 364 S.E.2d 349, 353 (1988), *citing State v. Hall*, 305 N.C. 77, 286 S.E.2d 552 (1982). When the State's evidence is positive as to each element of the crime charged and the defendant offers no evidence to negate these elements other than his denial of the commission of any crime, submission of the lesser included offense is not required. *Id.; State v. Williams*, 315 N.C. 310, 321-322, 338 S.E.2d 75, 83 (1986). The State presented ample positive evidence of the crime for which Ricky was convicted and his only defense was that he committed no crime at all. The trial court did not err in refusing to submit an assault instruction.

**[7]** Ricky Hill's final contention is that the trial court erred in finding that one factor in aggravation outweighed three factors in mitigation during the sentencing phase of the trial. The court imposed a 30 year sentence upon Ricky which exceeds the presumptive sentence for second degree murder by fifteen years. G.S. 15A-1340.4(f)(1). The trial judge made written findings in mitigation that Ricky Hill had no record of prior criminal convictions, that he had been a person of good character in the community, and that the victim had introduced the weapon which ultimately resulted in his death. In aggravation, however, the court made a written nonstatutory finding that Ricky Hill induced another to participate in the commission of a crime which resulted in the death of the victim. Defendant does not argue that this finding in aggravation was not supported by the evidence. Rather, Ricky argues that the trial judge abused his discretion in finding that the one factor in aggravation outweighed those found in mitigation.

The Fair Sentencing Act requires that a sentencing judge justify a sentence which deviates from a presumptive term to the extent that he must make findings in aggravation and mitigation properly supported by a preponderance of the evidence. *State v. Parker*, 315 N.C. 249, 258, 337 S.E.2d 497, 502 (1985), *citing State v. Ahearn*, 307 N.C. 584, 596, 300 S.E.2d 689, 696-697 (1983). The judge is not required to justify the weight he or she attaches to any particular factor, *id.*, and it is within the court's discretion to either increase or decrease a sentence from the presumptive term based upon its conclusion that the factors in aggravation outweigh factors in mitigation or visa versa. *Id.* The balance struck by the sentencing judge in weighing the factors will not be disturbed by an appellate court unless it is "manifestly unsupported by reason," *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985), or "so arbitrary that it could not have been the result of a reasoned decision." *State v. Wilson*, 313 N.C. 516, 538, 330 S.E.2d 450, 465 (1985).

We are compelled to conclude that the sentencing judge did not abuse his discretion in imposing a sentence in excess of the presumptive term. While the findings concerning defendant Ricky Hill's good character in the community and that the victim himself brought the sawed-off shotgun to the scene of the crime may be significant, "they do not tilt the scales so heavily in defendant's favor that the weighing process was removed from the sentencing judge's discretion and determinable as a matter of law." *State v. Parker*, 315 N.C. at 259, 337 S.E.2d at 503.

NEWSOME v. N.C. STATE BD. OF ELECTIONS

[105 N.C. App. 499 (1992)]

Regarding the appeal of both defendants, we find no error.

No error.

Judges WELLS and JOHNSON concur.