STATE OF NORTH CAROLINA v. HORACE RAY McCLAIN

No. 69

(Filed 13 December 1972)

**1. Criminal Law § 112— charge on reasonable doubt — no error**

The trial judge's charge on reasonable doubt in a kidnapping case which contained the statement that, "If after considering, comparing and weighing all of the evidence the minds of the jurors are left in such condition that they cannot say that they have an abiding faith to a moral certainty in the defendant's guilt, then they have a reasonable doubt; otherwise not," was in accord with definitions of that term approved by the Supreme Court.

**2. Criminal Law §§ 113, 118, 119— desired instructions not supported by evidence — instruction on contentions — failure to request instruction**

There was no error in the trial court's failure to allude in its charge to defendant's contention that he was in his kidnap victim's vehicle at her request where there was no evidence to support such contention, where the trial judge did not undertake to state any contention either of the State or of the defendant, and where the record did not indicate any suggestion by defendant to the trial court concerning any failure to state his contention in the court's jury instructions.

**3. Criminal Law §§ 113, 119— omission in instructions not material — failure to request instruction**

Failure of the court to call to the attention of the jury the circumstance that an arresting officer testified that at the approach of the officers the defendant got out of the victim's vehicle before the victim escaped therefrom and sought the aid of the officers was not a material omission and defendant's failure to request full instructions on that point at the time the jury charge was given precludes him from assigning the omission as error on appeal.

**4. Criminal Law § 128— motion to set aside verdict — denial proper**

Defendant's motion to set aside the guilty verdict in a kidnapping case by reason of alleged errors in the court's instructions was properly denied.

APPEAL by defendant from *Braswell, J.*, at the Second June 1972 Criminal Session of WAKE.

Upon an indictment, proper in form, the defendant was tried upon the charge of kidnapping Mrs. Patricia Florence Conklin. He entered a plea of not guilty. The jury found him guilty as charged and he was sentenced to imprisonment for life.

The defendant offered no evidence. The State's evidence was to the following effect:

Mrs. Conklin, returning from a visit with friends to the State Fair about 12:30 a.m. on 19 October 1971, brought her automobile to a stop in front of her home on North Bloodworth Street in Raleigh. She turned off the motor and lights, removed the keys, opened the door and started to get out of the car to enter the house. There was no street light nearby. The defendant, whom she had not previously observed, came up suddenly, pushed her over in the car seat, placed a sharp metal object upon her neck and told her that if she screamed or tried to get away he would kill her. She offered him her money and car if he would let her go. He did not reply, but took her car keys and, holding her with one hand, started the car and drove away. In response to her pleading that she be allowed to go and her inquiry as to what he was planning to do to her, he merely laughed and said, "Well, just wait and see." When she said, "I know what you're planning on doing but you're going to have to kill me first," he just laughed.

After driving a few blocks, the defendant stopped for a stoplight. Mrs. Conklin opened the car door and got halfway out of the vehicle, whereupon the defendant seized her with both hands, dragged her back into the car and drove on. The headlights of the automobile were not turned on but the windshield wipers were operating, though it was not raining. After the defendant had driven some two blocks beyond the stoplight, two officers of the State Capitol Police, observing the Conklin car proceeding without lights, drove up behind it. Thereupon, the defendant brought Mrs. Conklin's car to a stop and, telling her to remain in it until he got away, got out of the car. One of the officers (Harley) got out of the police car and confronted the defendant. Mrs. Conklin then screamed, jumped out of her car and ran to the other officer (Gray), telling him, hysterically, "He is going to kill me."

At no time did Mrs. Conklin consent to go with the defendant. She had never seen him before and was frightened. After the defendant got into the automobile, Mrs. Conklin saw that the metal object which he had been holding against her neck was an Afro comb, similar to the one offered in evidence by the State. She could not see what it was while the defendant was holding it against her neck. She did not know the police car was following them until the defendant brought her car to a stop.

Upon cross-examination, Mrs. Conklin was asked if it were not true that when she drove up in front of her home she saw the defendant in his car, blew her horn at him, signaled to him and, upon his approach, asked him where she could get some whiskey. She flatly denied that she had done so. There was no evidence whatever to support this question by defendant's counsel.

When Officer Harley confronted the defendant, the defendant had his hand in his pocket. In obedience to Officer Harley's direction, he took his hand out of his pocket, pulling from the pocket an Afro comb, offered in evidence by the State, and stuck it in his hair.

Officer Warren of the Raleigh City Police reached the scene in two or three minutes in response to the call of Officer Gray. On his arrival, Mrs. Conklin was seated in the car of the Capitol Police and was "very upset." He arrested the defendant and took the comb out of the defendant's hair. At the police station Officer Warren took a statement from Mrs. Conklin, which substantially corroborated her testimony.

*Attorney General Morgan and Assistant Attorney General Kane for the State.*

*Garland B. Daniel for defendant.*

LAKE, Justice.

[1] The defendant makes four assignments of error. The first is that, with reference to the term "reasonable doubt," the court instructed the jury as follows:

"A reasonable doubt is not a vain, imaginary or fanciful doubt but is a sane, rational doubt. It means that the

jury must be satisfied of the defendant's guilt to a moral certainty of the truth of the charge.

"If after considering, comparing and weighing all of the evidence the minds of the jurors are left in such condition that they cannot say that they have an abiding faith to a moral certainty in the defendant's guilt, then they have a reasonable doubt; otherwise not."

The defendant's exception is to the words "otherwise not" in the foregoing instruction. There is no merit in this exception. The law does not require any set formula in defining "reasonable doubt," it being sufficient that the trial judge, if he undertakes to define the term, do so in substantial accord with definitions approved by this Court. *State v. Hammonds*, 241 N.C. 226, 85 S.E. 2d 133. In *State v. Schoolfield*, 184 N.C. 721, 114 S.E. 466, this Court, speaking through Justice Stacy, later Chief Justice, defined "reasonable doubt" in precisely the same terms used by the trial judge in this case. As Justice Denny, later Chief Justice, said in *State v. Hammonds, supra*, "The above or other approved formulae may be found in scores of our decisions."

[2] The defendant's second assignment of error is that the court, in its charge, failed to allude to the contention of the defendant that he was in the automobile of Mrs. Conklin at her request and that they were going after some whiskey. There is nothing whatever in the record to suggest any such contention, except that on cross-examination Mrs. Conklin was asked if that were not the case. She stated positively and unequivocally that this was not true. There is not merit in this assignment of error.

The trial judge did not undertake to state any contention either of the State or of the defendant.

In *State v. Cook*, 273 N.C. 377, 381, 160 S.E. 2d 49, this Court, speaking through Justice Huskins, said:

"A trial judge is not required to state the' contentions of the litigants. But when he undertakes to give the contentions of one party he must fairly charge as to those of the other. Failure to do so is error. [Citations omitted.] Here, however, the judge·did not undertake to give the contentions of either the State or the defendants."

Furthermore, as this Court said in *State v. Butler*, 269 N.C. 733, 153 S.E. 2d 477, if the defendant's contentions were not properly stated, the defendant "should have called the attention of the court to any omissions or errors, so that they could have been supplied or corrected." See also: *State v. Sanders*, 276 N.C. 598, 174 S.E. 2d 487; *Sherrill v. Hood, Comr. of Banks*, 208 N.C. 472, 181 S.E. 330; *Manufacturing Co. v. Building Co.*, 177 N.C. 103, 97 S.E. 718. The record does not indicate any suggestion by the defendant to the trial court concerning any statement of or failure to state his contentions in the court's instructions to the jury.

There was no evidence whatever to indicate that Mrs. Conklin signaled to the defendant or was aware of his presence prior to his assault upon her, that she consented to his presence in her vehicle or that she made any suggestion or request to him except to plead that she be allowed to leave the automobile. "The court should never give the jury instructions based upon a state of facts not presented by some reasonable view of the evidence produced on the trial, nor upon a supposed state of facts." *State v. Wilson*, 104 N.C. 868, 873, 10 S.E. 315. "A judge should never charge the jury upon a state of facts not presented by some reasonable view of the evidence of the case." *State v. Hollingsworth*, 263 N.C. 158, 162, 139 S.E. 2d 235. "No instruction should be given which is not reasonably supported by the evidence, or which is not based on some theory logically deductible from some portion of the evidence." 23A C.J.S. Criminal Law, § 1313.

[3] The defendant's third assignment of error is that the court, in reviewing the evidence in its charge to the jury, failed to state that Officer Gray testified that when the car of the State Capitol Police drove up the defendant got out of the automobile of Mrs. Conklin before she did. There is no merit in this assignment of error. The trial judge correctly instructed the jury: "It is your duty to remember and consider all of the evidence whether called to your attention by counsel or the Court or not, for all of the evidence is important * * * ." Any error or omission by the court in its review of the evidence in the charge to the jury must be then called to the attention of the court so that the court may have an opportunity to make the appropriate correction. In *State v. Sanders, supra*, Justice Moore, speaking for the Court, said: "The recapitulation of all the evidence is not required under G.S. 1-180, and nothing more

is required than a clear instruction which applies the law to the evidence and gives the position taken by the parties as to the essential features of the case. *State v. Thompson,* 257 N.C. 452, 126 S.E. 2d 58. If defendant desired fuller instructions as to the evidence or contentions, he should have so requested. His failure to do so now precludes him from assigning this as error." Accord: *State v. Greene,* 278 N.C. 649, 180 S.E. 2d 789; *State v. Virgil,* 276 N.C. 217, 172 S.E. 2d 28; *State v. Guffey,* 265 N.C. 331, 144 S.E. 2d 14; Strong, N. C. Index 2d, Criminal Law, § 113. The failure of the court to call to the attention of the jury the circumstance that Officer Gray testified that the defendant got out of the Conklin vehicle before his victim escaped therefrom and sought the aid of the officers was not a material omission. Quite clearly, the interval involved was but a few seconds at most, the victim was in justified fear of her life and but a few moments earlier had been forcibly pulled back into the automobile by the defendant when she attempted to escape from it.

[4] The defendant's fourth assignment of error is to the denial of his motion to set aside the verdict by reason of the alleged errors in the court's instructions hereinabove discussed and found to be without merit. Consequently, no further discussion of this assignment is required. It has no merit.

The instructions of the trial judge to the jury set forth accurately and completely the elements of the offense of kidnapping and stated correctly the nature and degree of proof required of the State in order to justify a verdict of guilty. The defendant was caught in the course of the perpetration of the crime with which he was charged and has been fairly tried and convicted. The sentence imposed is in accordance with the statute. G.S. 14-39.

No error.