STATE OF NORTH CAROLINA v. JAMES WESLEY SHAW, JR.

No. 58

(Filed 12 December 1973)

1. **Constitutional Law § 32; Jury § 2— summoning of supplemental jurors — right to have counsel at summoning**

Where the regular panel of jurors was exhausted on the second day of the trial and the trial judge thereupon ordered the sheriff to summon ten supplemental jurors, the trial court did not err in refusing to grant defendant's motion to allow his counsel or his counsel's representative to be present during summoning of the jury.

2. **Constitutional Law § 29; Jury § 7— Negroes peremptorily challenged — no arbitrary or systematic exclusion**

Where all prospective Negro jurors were peremptorily challenged by the solicitor but there was no indication in the record that the solicitor had previously followed practices which prevented Negroes from serving on the juries in his District, defendant failed to make out a *prima facie* case of arbitrary or systematic exclusion of Negroes from the jury.

3. **Criminal Law § 106; Rape § 5— uncorroborated testimony of prosecutrix — sufficiency of evidence**

In a prosecution for rape, crime against nature and armed robbery, uncorroborated testimony by the prosecutrix including an iden-

State v. Shaw

tification of defendant as her assailant was sufficient to carry the case to the jury where the prosecutrix had ample opportunity to observe clearly her assailant over a substantial period of time and her identifications were unequivocal.

**4. Criminal Law § 74— statement not a confession — necessity for voir dire**

Defendant's in-custody statement concerning his employment made to a police officer did not amount to a confession since it did not contain an acknowledgment of his guilt of any element of any one of the crimes charged, and the trial judge was not required to conduct a *voir dire* hearing before ruling on the admissibility of evidence pertaining to the statement.

**5. Criminal Law §§ 33, 169; Rape § 4— irrelevant evidence — admission not prejudicial**

Evidence concerning defendant's whereabouts some forty days subsequent to the date of the charged crimes was irrelevant since it failed to shed any light upon the issue of defendant's guilt or innocence, but admission of the evidence which did not inculpate defendant or impair his credibility did not result in prejudicial error.

**6. Criminal Law § 112— charge on reasonable doubt — no error**

The trial court's definition of reasonable doubt was substantially in accord with those approved by the Supreme Court, and it was not necessary for the trial judge to include an instruction that reasonable doubt might arise from a lack of or insufficiency of evidence since there was nothing in his definition which would lead the jury to believe that a reasonable doubt must arise only from the evidence presented.

APPEAL by defendant from *Braswell, J.,* 30 April 1973 Session, CUMBERLAND Superior Court.

By separate indictments, defendant was charged with the crimes of rape, crime against nature and armed robbery. The cases were consolidated for trial and defendant entered a plea of not guilty to each charge.

The State's evidence tended to establish the following facts:

At about 12:30 p.m. on 20 December 1972, Mrs. Barbara Jean Johnson was in her place of residence at Whispering Pines Trailer Court. At that time, someone knocked on the door of her mobile home, and when Mrs. Johnson opened the door, she observed two Negro men. The larger man, subsequently identified as defendant, asked for a glass of water. When Mrs. Johnson returned from the kitchen with the water, both men were inside the dwelling. Defendant, who was then armed with a knife, demanded that Mrs. Johnson give him everything of

value in the mobile home. He forced her into the bathroom where she gave him a dollar which was lying on the medicine cabinet. Defendant then carried Mrs. Johnson into the bedroom where he tied and gagged her. He then, by force and against her will, had sexual intercourse with Mrs. Johnson. Defendant left the room and his companion entered and also had intercourse with her by force and against her will. Thereafter, defendant returned, rolled Mrs. Johnson onto her stomach and penetrated her anus. When defendant and his companion left, Mrs. Johnson managed to free herself and call for help. She was carried to a hospital where she was examined by Dr. Jorge Equez who found marks on her wrists and ankles, and lacerations of the rectum. Medical testimony revealed that sperm was found in the vagina.

The lighting conditions in the trailer were good. Mrs. Johnson had ample opportunity over a substantial period of time to observe defendant's face, to see him walk and to hear his voice.

Mrs. Johnson identified defendant at a lineup on 30 January 1973, and subsequently made an in-court identification of defendant as her assailant.

Defendant testified that he did not know Mrs. Barbara Johnson, that he had never been in her home, and he had never seen her prior to his trial.

The jury returned verdicts of guilty as to each of the three charges. Judge Braswell imposed a sentence of life imprisonment on the rape charge, consolidated the armed robbery and the crime against nature charges for judgment, and sentenced defendant to imprisonment for ten years on the consolidated counts.

Defendant appealed, and we allowed his petition to bypass the Court of Appeals as to the charges of crime against nature and armed robbery.

*Attorney General Robert Morgan by Associate Attorney Ralf F. Haskell for the State.*

*Neill Fleishman, Assistant Public Defender.*

BRANCH, Justice.

[1] Defendant, without citation of authority, contends that the trial judge erred by refusing to grant his motion to allow

State v. Shaw

his counsel or his counsel's representative to be present during summoning of the jury.

The regular panel of jurors was exhausted at approximately 11:00 a.m. on the second day of the trial. The trial judge thereupon ordered the Sheriff to summon ten supplemental jurors to report for service at two o'clock p.m. on that day.

G.S. 9-11(a), in part, provides:

"Supplemental jurors; special venire.— (a) If necessary, the court may, without using the jury list, order the sheriff to summon from day to day additional jurors to supplement the original venire. Jurors so summoned shall have the same qualifications and be subject to the same challenges as jurors selected for the regular jury list. . . . "

Objections to the special venire based on partiality, misconduct of the Sheriff, or irregularity in making out the jury list, are properly made by challenges to the array. *State v. Dixon,* 215 N.C. 438, 2 S.E. 2d 371; *State v. Levy,* 187 N.C. 581, 122 S.E. 386; *State v. Speaks,* 94 N.C. 865.

Defendant had ample opportunity to examine the additional jurors on *voir dire*. He elected not to challenge the array, and has failed to offer any proof that the Sheriff violated the trust placed in him as an elected official.

To adopt the rule urged by the defendant would be to place another stumbling block in the path of orderly and expeditious trials.

This assignment of error is overruled.

[2] Defendant moved for mistrial on the grounds that Negroes were systematically excluded from the jury. He assigns as error the denial of this motion.

The basis for this assignment of error lies in the fact that all prospective Negro jurors were peremptorily challenged by the Solicitor. Defendant was a Negro and Mrs. Johnson was a white woman. There is no suggestion in the record that the Solicitor has previously followed practices which prevented Negroes from serving on the juries in his District.

The United States Supreme Court has squarely ruled against the contention here urged by defendant. In *Swain v. Alabama,* 380 U.S. 202, 13 L.Ed. 2d 759, the Court, in part, stated:

---

State v. Shaw

---

"The essential nature of the peremptory challenge is that it is one exercised without a reason stated, without inquiry and without being subject to the court's control. . . . "

\*     \*     \*

"In the light of the purpose of the peremptory system and the function it serves in a pluralistic society in connection with the institution of jury trial, we cannot hold that the Constitution requires an examination of the prosecutor's reasons for the exercise of his challenges in any given case. The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes. Any other result, we think, would establish a rule wholly at odds with the peremptory challenge system as we know it. . . . "

\*     \*     \*

" . . . the defendant must, to pose the issue, show the prosecutor's systematic use of peremptory challenges against Negroes over a period of time. . . . "

Defendant has failed to make out a *prima facie* case of arbitrary or systematic exclusion of Negroes from the jury. Further, he has failed to show any violation of his Constitutional rights as guaranteed by Article I, Sec. 19 of the North Carolina Constitution.

The trial judge correctly denied defendant's motion for a mistrial.

[3] Defendant assigns as error the action of the trial judge in denying his motions for judgment as of nonsuit.

Defendant admits that Mrs. Johnson's testimony was sufficient to carry the case to the jury on all charges. He, however, argues that her uncorroborated identification of defendant is not sufficient to convict him of the crime of rape. Again defendant cites no authority and seeks to support his position by attacking the credibility of Mrs. Johnson's testimony.

In 2 Strong's N. C. Index 2d, Criminal Law § 106, p. 658, it is stated:

"Where the commission of the crime is admitted or established, the testimony of the prosecuting witness, or of one witness, identifying defendant as the perpetrator, carries the case to the jury regardless of the questionable character of the witnesses, since the credibility of witnesses is a matter for the jury. . . . "

See also *State v. Hanes,* 268 N.C. 335, 150 S.E. 2d 489.

Mrs. Johnson had ample opportunity to clearly observe her assailant over a substantial period of time and her identifications were unequivocal. There was ample, competent evidence to repel defendant's motions as of nonsuit.

[4] Defendant next assigns as error the action of the trial judge in permitting the Solicitor to cross-examine defendant concerning certain in-custody statements without first conducting a *voir dire* hearing.

On direct examination, defendant testified that on 20 December 1972, he was unemployed. On cross-examination, the following occurred:

"Q. I ask you, Mr. Shaw, if you did not state to Detective Bob Connerly, the individual seated on my immediate right, that you were employed with Allied Industries at Fort Bragg?

ATTORNEY FLEISHMAN: Objection

COURT: Overruled.

EXCEPTION EXCEPTION No. 8

Q. And did not Mr. Connerly ask you where that place of employment was, and you did not know?

ATTORNEY FLEISHMAN: Objection

COURT: Overruled.

EXCEPTION EXCEPTION No. 9

I don't know where Allied Industries is originated from. I knew where I was employed. I don't know the address. I worked at a mess hall. There was no specific person in charge of me. I worked with some young women. . . . "

In rebuttal, the State offered the testimony of Officer Bob Connerly who, in part, testified:

"Q. What, if anything, did you ask James Wesley Shaw at that time?

ATTORNEY FLEISHMAN: Objection. I am going to object to the line of questioning and request a voir dire on it.

COURT: Let me see both sides at the bench.

(All attorneys approached the bench.)

COURT: The request for voir dire is denied.

EXCEPTION No. 16

ATTORNEY FLEISHMAN: Your Honor, is the objection also overruled?

COURT: The objection is overruled.

EXCEPTION No. 17"

*     *     *

" . . . I asked him where he was employed; he said, 'I have been working at Fort Bragg as a KP for Allied Industries.' I asked him where the office of Allied Industries was and he said he didn't know. I asked him where the accounting office was so I could check his employment; he stated that he didn't know. I couldn't get him to advise me as to where I could check the employment. He merely stated that he was a KP at a mess hall at Fort Bragg as one of the civilian KP's hired by the military."

Defendant argues that the challenged evidence amounted to a confession and, therefore, upon his objection and request for a *voir dire*, the trial judge should have conducted a hearing in the absence of the jury to determine whether the confession was voluntarily made.

Unquestionably it is the rule in this jurisdiction that when the State offers a confession in a criminal trial and defendant objects, the trial judge should determine the competency of the evidence in a preliminary inquiry held in the absence of the jury. *State v. Jones*, 278 N.C. 88, 178 S.E. 2d 820; *State v. Vickers*, 274 N.C. 311, 163 S.E. 2d 481.

Here defendant voluntarily took the stand and thereby became subject to the traditional truth testing devices of cross-

examination and impeachment by contradiction. *Harris v. New York,* 401 U.S. 222, 28 L.Ed. 2d 1.

A confession is an acknowledgment in express words by the accused of his guilt of the charged crime or some essential element of it. *State v. Fox,* 277 N.C. 1, 175 S.E. 2d 561.

Defendant's statement did not amount to a confession since it did not contain an acknowledgment of his guilt of any element of any one of the charged crimes. Thus, Judge Braswell was not required to conduct a *voir dire* hearing before ruling on the admissibility of this evidence.

[5]  Defendant assigns as error the trial judge's ruling admitting evidence concerning his activities on 30 January 1973, some 40 days subsequent to the date of the charged crimes.

On cross-examination, the following exchange took place between the Solicitor and defendant:

"Q. Mr. Shaw, I ask you, as of January 30th, if you did not state to Officers House and Devane of the Fayetteville Police Department that you were in the West Area Trailer Court looking for an individual named Farmer?

ATTORNEY FLEISHMAN: Objection

COURT: Overruled

EXCEPTION          EXCEPTION No. 10

A. Yes, I did."

Thereafter, over defendant's objection, the Solicitor pursued a line of questioning as to whether Farmer lived in the trailer court, the exact address of his trailer, who lived with him and who actually owned the trailer occupied by Farmer.

It is an elementary rule of evidence that matter offered in a case must be relevant to the issues and must tend to establish or disprove them. *Sprinkle v. Ponder,* 233 N.C. 312, 64 S.E. 2d 171. It is also well recognized that in a criminal case, every circumstance which is calculated to shed light upon a supposed crime is relevant and admissible, if otherwise competent. *State v. Hamilton,* 264 N.C. 277, 141 S.E. 2d 506.

We are of the opinion that the challenged evidence is irrelevant since it fails to shed any light upon the issue of

defendant's guilt or innocence. However, there is nothing in the evidence which tends to inculpate defendant or impair his credibility. We do not believe that the jury would have reached a different result had the evidence been excluded. *State v. Sneeden,* 274 N.C. 498, 164 S.E. 2d 190; *State v. Temple,* 269 N.C. 57, 152 S.E. 2d 206.

We hold that the admission of the evidence did not result in prejudicial error.

**[6]** Defendant contends that the trial judge erroneously defined the term reasonable doubt.

Judge Braswell charged:

> "The State must prove to you that the defendant is guilty beyond a reasonable doubt. A reasonable doubt is not a vain, imaginary, or fanciful doubt, but is a sane rational doubt. Proof beyond a reasonable doubt means that you must be fully satisfied and entirely convinced or satisfied to a moral certainty of the defendant's guilt."

The trial judge need not define reasonable doubt unless requested to do so, and if he undertakes the definition he is not limited to the use of an exact formula. The definition is sufficient if it is in substantial accord with those approved by this Court. *State v. McClain,* 282 N.C. 396, 193 S.E. 2d 113; and *State v. Dobbins,* 149 N.C. 465, 62 S.E. 635.

The definition of reasonable doubt given in this case was substantially in accord with those approved by this Court. *State v. Britt,* 270 N.C. 416, 154 S.E. 2d 519; *State v. Cook,* 263 N.C. 730, 140 S.E. 2d 305; *State v. Phillip,* 261 N.C. 263, 134 S.E. 2d 386. However, defendant, relying on *State v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133, argues that the trial judge erred by omitting from his definition of reasonable doubt an instruction that reasonable doubt might arise from a lack of evidence, or from its deficiency.

In *Hammonds,* the trial court instructed the jury that a reasonable doubt " . . . is a fair doubt, based on reason and common sense, *and growing out of the testimony in the case."* There the Court reasoned that the above instruction was error because it was susceptible to an interpretation by the jury that reasonable doubt might arise only from the evidence in the case. The Court concluded "that when such expression is used in de-

fining reasonable doubt, without adding 'or from the lack or insufficiency of the evidence' or some equivalent expression, it is error." See Justice Sharp's concurring opinion in *State v. Britt, supra.*

In instant case, Judge Braswell did not use the phrase "and growing out of the testimony in the case" or its equivalent. There was nothing in his definition of reasonable doubt which would lead the jury to believe that a reasonable doubt must arise only from the evidence presented, and that a reasonable doubt could not arise from a lack of or insufficiency of the evidence.

We hold that Judge Braswell's definition of reasonable doubt was adequate.

We have carefully examined all of defendant's assignments of error and find no prejudicial error.

No error.