STATE OF NORTH CAROLINA v. GLENN WOODSON MOORE

No. 783SC1090

(Filed 1 May 1979)

1. **Criminal Law § 92— motion at trial to require joinder of other cases**

    Defendant's motion to require the State to join other cases pending against him should have been made at defendant's arraignment and came too late when made after the present case was called for trial. G.S. 15A-952(c).

2. **Criminal Law § 128.2— delay during trial—failure to declare mistrial**

    The trial court did not err in failing to declare a mistrial because the jury was out of the courtroom on the second day of the trial until 11:00 a.m. where the court explained to the jury that it had been working on other matters and that the delay had nothing to do with defendant.

3. **Criminal Law § 88.4— cross-examination of defendant—question not in bad faith**

    In this prosecution for possession and sale of cocaine, the record failed to show that the district attorney's question to defendant as to whether he was trying to dispose of cocaine for the sum of $24,000 to $28,000 was not based on information and asked in bad faith.

4. **Criminal Law § 121— instructions on entrapment**

    In this prosecution for possession with intent to sell and sale of cocaine, the trial court did not err in failing to instruct the jury to examine the activities of the undercover agent who bought the cocaine from defendant "to see whether or not her activities created a substantial risk that the offense of sale of cocaine and possession with intent to sell cocaine would be committed by someone other than an individual who was prepared to commit it, or someone who does not have a predisposition to commit the specific acts charged," the court having properly charged that the jury should acquit defendant if it found that the intent to commit the crime did not originate in defendant's mind but that defendant was induced by the State's agent to sell the drug, which he was not otherwise willing to do, through persuasion or trickery.

5. **Criminal Law § 33.3— defendant's statement that he had "been trapped"—exclusion not prejudicial**

    In this prosecution for possession and sale of cocaine, the exclusion of testimony by defendant that, nearly three weeks after the sale of cocaine to an undercover agent, he told his sister that he had "been trapped" was not prejudicial to defendant since the testimony bore only slight relevance to the issues being tried.

6. **Criminal Law § 138.7— sentence for sale of cocaine—consideration of other sales**

    In imposing a sentence upon defendant for possession of cocaine for sale and sale of cocaine to an undercover agent, the trial court could properly consider defendant's testimony that he had made two other sales of cocaine to the agent.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 14 July 1978 in Superior Court, PITT County. Heard in the Court of Appeals 1 March 1979.

Defendant was placed on trial on one count of felonious possession of cocaine and another count of the felonious sale of cocaine.

The principal witness for the State was a female agent of the State Bureau of Investigation who, on 11 April 1978, was working as an undercover agent in an investigation of the illegal traffic of drugs in the Greenville area. The agent was then using the name "Shawn." At about 8:10 p.m. on that day, the agent known as Shawn went to defendant's apartment in the company of a male informant. She asked defendant if he had cocaine. He stated that he had one gram left. Defendant took a plastic bag containing a white powder substance from a bucket inside a planter in the living room. The agent paid defendant $80.00 and left. Other officers observed the agent enter the apartment about 8:10 p.m. She came out about 8:15 p.m. and gave one of them the plastic bag. A chemical analysis disclosed that it contained cocaine.

Defendant offered evidence tending to show that Shawn came to his apartment on the afternoon of 11 April 1978 in the company of a male. Defendant testified that Shawn was in the apartment for about one-half hour and smoked marijuana with him and some of his friends. She was dressed and acted in a manner that was very attractive to defendant. She inquired if he could get cocaine for her and told him, "You don't realize how much I'd appreciate it." Defendant testified that he thought she was insinuating sex and that because of her manner and dress he would have done most anything for her. He thought that she would come back later and they would go to bed. He, nevertheless, charged her a price for the cocaine that included a profit for himself. In addition to marijuana, he said he used cocaine and MDA. His roommates, Jeff Jones and Steve Bateman, sold cocaine. Defendant admitted that he had also sold cocaine on three occasions. He testified that he "was dealing in cocaine" with Larry Wallace. He first met the agent known as Shawn about two months prior to 11 April but had never been out with her, kissed or fondled her. He had sold her cocaine on one occasion before the sale on the 11th and later made another sale to her.

Defendant was found guilty of the possession of cocaine for the purpose of sale and the sale of cocaine. Judgment imposing a prison sentence was entered.

*Attorney General Edmisten, by Associate Attorney J. Chris Prather, for the State.*

*James, Hite, Cavendish & Blount, by Marvin Blount, Jr., and Dallas Clark, Jr., for defendant appellant.*

VAUGHN, Judge.

[1] Defendant's first assignment of error is to the failure of the court to require the State to join other cases that were pending against the defendant. In defendant's brief he argues that those cases involved other sales of drugs to the same agent. The State responds by arguing that defendant has not been prejudiced. Neither side directs the court's attention to the real issue. The motion was orally made after the present case was called for trial. It came too late. The motion should have been made at defendant's arraignment. G.S. 15A-952(c). Only in unusual circumstances should the judge interrupt the trial of a case to conduct hearings on matters that should have been raised and resolved at arraignment or some other pre-trial stage of the proceedings.

[2] On the second day of the trial the jury was out of the courtroom until 11:00 a.m. When they were called in to resume the trial of this case the judge explained that the court had been working on other matters and that the delay had nothing to do with defendant. Defendant's arguments that the judge should have declared a mistrial because of the delay and that the judge abused his discretion are without merit.

[3] The record discloses the following:

> "I sold cocaine three times, and I have used it four times. This was in a two and a half to three-month period. Before that I had not seen any cocaine. No, my roommates weren't cocaine dealers, I'm not aware of what they do all the time but it was rumored that they were cocaine dealers. Yes, I lived with them. Yes, I know Larry Wallace and I were dealing in cocaine with him. No, I was not trying to dispose

State v. Moore

of several pounds of cocaine. No, I was not trying to sell cocaine for the sum of $24,000.00 to $28,000.00.

MR. BLOUNT: I'm going to object to this . . . ."

Defendant then objected and moved for a mistrial. On appeal, he argues that "the question" was asked in bad faith and that, at the very least, the court should have conducted a *voir dire* to determine if there was a factual basis for "the question." We note, first of all, that neither "the question" nor any objection thereto appears in the record before us. Secondly, if defendant desired a *voir dire*, he should have requested it. Moreover, the record fails to show that any questions that may have been asked were not based on information and asked in good faith. When a record is silent on a particular point, the action of the trial judge is presumed to be correct. *State v. Gaiten*, 277 N.C. 236, 176 S.E. 2d 778 (1970).

[4] Defendant contends that the judge erred because he did not instruct the jury to examine the activities of the agent "to see whether or not her activities created a substantial risk that the offense of sale of cocaine and possession with intent to sell cocaine would be committed by someone other than an individual who has prepared to commit it, or someone who does not have a predisposition to commit the specific acts charged." We conclude that the judge correctly instructed the jury on the law as it applied to the evidence. The jury was instructed, among other things, to acquit defendant if they found that the intent to commit the crime did not originate in defendant's mind but that defendant was induced by the State's agent to sell the drug, which he was not otherwise willing to do, through persuasion or trickery. The exceptions to the charge fail to disclose error.

[5] The offense occurred on 11 April 1978, and defendant was arrested on 3 May 1978. Defendant attempted to testify that right after he was arrested, he telephoned his sister and told her, "I have been trapped." The State argues that the evidence was properly excluded because it was "self-serving." If testimony is otherwise admissible, it is not to be excluded merely because it is "self-serving." It is hardly likely that any defendant would strive, to get any evidence in unless it served his interest. We hold, however, that there was no prejudicial error in the exclusion of the testimony. He testified that he had sold the agent cocaine on an

earlier occasion, and there is no indication that he was persuaded to do so by a promise of sexual favors. If the agent broke what he considered to be her implied promise, the breach occurred on the night of the sale and defendant thereafter sold her more cocaine. When all of the evidence is considered, the fact that defendant, nearly three weeks after the sale, told his sister that he had been trapped, bears such slight relevance to the issues being tried that the exclusion of that testimony is inconsequential.

[6]  Defendant's final assignment of error is that the judge, in sentencing defendant, considered defendant's testimony that he had made two other sales of cocaine to the agent. We note at the outset that the record reflects that defendant put on evidence on the question of sentencing but that evidence is not a part of the record. We have only some of the judge's comments. Nevertheless, it would have been entirely proper for the judge to take into account defendant's admissions relating to his other transactions in the illegal drug trade. We note also that defendant could have received a prison sentence of twenty years. The judge ordered a sentence of only three years.

Defendant received a fair trial, and judgment imposing a sentence within lawful limits was entered. There is no reason to disturb the verdict or judgment.

No error.

Judges ERWIN and MARTIN (Harry C.) concur.