State v. Jacobs and State v. Jacobs

STATE OF NORTH CAROLINA v. ANSON JACOBS

STATE OF NORTH CAROLINA v. HAMP JACOBS

No. 813SC1038

(Filed 1 June. 1982)

1. Criminal Law § 92.1— consolidation of charges against the two defendants—time for motion

A motion for joinder of charges against two defendants made at the beginning of the trial was made in apt time, and the trial court properly allowed the motion where the two defendants were charged with crimes of the same class growing out of the same criminal transaction.

2. Assault and Battery § 14.4; Weapons and Firearms § 3— felonious assault—discharging firearm into occupied vehicle—sufficiency of evidence

The State's evidence was sufficient for the jury on issues of defendant's guilt of assault with a deadly weapon with intent to kill inflicting serious injury and discharging a firearm into an occupied vehicle where it tended to

show that defendant joined another in arranging a meeting with the victim, carrying guns to the place of the meeting, and waiting in ambush for the victim, and that he fired the initial shot at the victim's car, notwithstanding a shot fired by the other person actually struck the victim while he was riding in the back seat of the car.

**3. Criminal Law § 112.2— charge on reasonable doubt**

The trial court's instruction that a reasonable doubt is a fair doubt based on reason and common sense "generated by the insufficiency of the evidence" encompassed failure to prove guilt not only by the absence of inculpatory evidence but also by lack of persuasiveness of the evidence presented and was a sufficient statement of the law.

**4. Criminal Law § 113.7— failure to instruct on "mere presence"**

The trial court was not required to instruct the jury that the mere presence of a person at the scene of a crime is not enough to constitute aiding and abetting or acting in concert where defendant made no request for such an instruction, and where the evidence established defendant's active participation in the crimes charged.

**5. Assault and Battery § 14.4; Weapons and Firearms § 3— felonious assault—discharging firearm into occupied vehicle—guilt as aider and abettor**

The State's evidence was sufficient for the jury on issues of defendant's guilt of assault with a deadly weapon with intent to kill inflicting serious injury and discharging a firearm into an occupied vehicle where it tended to show that defendant was present when arrangements were made by telephone for defendant and his two companions to meet the victim to settle a dispute; defendant threatened the victim over the telephone; defendant drove his companions to the meeting place; defendant waited in the car while his two companions positioned themselves by the road; defendant's two companions fired shots at the car in which the victim was riding and shots by one of the companions struck the victim; and defendant drove his companions away after the shooting.

APPEAL by defendants from *Brown, Judge.* Judgment entered 12 May 1981 in Superior Court, CARTERET County. Heard in the Court of Appeals 3 March 1982.

Defendants were indicted for assault with a deadly weapon with intent to kill inflicting serious injury, and for discharging a firearm into an occupied vehicle. The state's evidence tended to show that James Graham was shot in the back by John Haskett while Graham was riding in a Pinto automobile near the Mill Creek Community in Carteret County. Defendants Hamp and Anson Jacobs and Haskett had fought with Raymond and James Graham at the Luck Now Tavern. Hamp Jacobs and James Graham were asked to leave the bar. Evidence was adduced in-

dicating that Haskett, Anson and Hamp Jacobs later that evening telephoned Raymond Graham, Jr.'s home and arranged a meeting with the Grahams at the Old Tram Road to settle their dispute. Haskett and the Jacobs proceeded to the Tram Road in a blue Chevrolet Nova automobile driven by Anson Jacobs, where they parked on the shoulder of the highway.

John Haskett, testifying pursuant to a plea bargain, stated that he and Hamp Jacobs took rifles from the Jacobs's residence to the Tram Road meeting place. Haskett exited the vehicle and stationed himself in the ditch beside the road. Hamp Jacobs went to the other side of the road. Haskett said that Anson Jacobs crawled over the front seat, into the back seat, and down on the floorboard of the Nova. Haskett then observed a Pinto station wagon belonging to Raymond Graham, Jr. approach the area. The car passed him, then turned around and came back towards him. Raymond Graham, Jr., testified that he saw Hamp Jacobs standing beside the road holding a gun. He saw Jacobs point the gun at the car and fire a shot, before the vehicle turned around. Haskett stood up out of the ditch and shot at the back of the car as the automobile passed from the opposite direction. James Graham was seated in the right rear of the automobile. Haskett's fire hit Graham in the back, paralyzing him. Anson Jacobs drove Haskett and Hamp Jacobs away from the scene.

Defendants were found guilty of assault with a deadly weapon inflicting serious injury and of discharging a firearm into an occupied vehicle. From orders of imprisonment, defendants appeal.

*Attorney General Edmisten, by Jo Anne Sanford, Special Deputy Attorney General, and Steven F. Bryant, Associate Attorney, for the state.*

*Carl L. Tilghman for defendant appellant Anson Jacobs.*

*Wheatly, Wheatly and Nobles, Jr., by John E. Nobles, Jr., for defendant appellant Hamp Jacobs.*

MORRIS, Chief Judge.

Defendant Anson Jacobs argues three assignments of error. Defendant Hamp Jacobs presents seven assignments, four of which are brought forward. We will first consider the contentions

of the defendant Hamp Jacobs, then those of codefendant Anson Jacobs.

### Defendant Hamp Jacob's Appeal

We call defendant's attention to the requirements of the North Carolina Rules of Appellate Procedure. Rule 28(b)(3) requires that in appellant's brief each question shall be separately stated, followed immediately by a reference to the assignments of error and exceptions pertinent to the question identified by the pages of the Record on which they appear. The fact that we consider the questions on their merit rather than dismissing the appeal is not to be taken as any indication that counsel can expect this charitable treatment in the future.

[1] Defendant argues that the court committed prejudicial error in allowing the state to join his case for trial with that of Anson Jacobs, because the state's motion for joinder came too late. He asserts, citing the case of *State v. Moore*, 41 N.C. App. 148, 254 S.E. 2d 252 (1979), that the motion was required to have been made at arraignment.

Defendants were charged with crimes of the same class, growing out of the same criminal transaction. Consolidation of the trials was proper. *State v. Mourning*, 4 N.C. App. 569, 167 S.E. 2d 501 (1969). The motion for joinder made at the beginning of trial was also in apt time. See *State v. Slade*, 291 N.C. 275, 229 S.E. 2d 921 (1976). *Moore* is inapposite, as it dealt with joinder of cases pending against the same defendant and is not authority for the proposition that a motion to consolidate the trials of more than one defendant must be made at arraignment.

[2] Defendant next contends that the court erred in submitting to the jury the issue of his guilt over motion to dismiss, as there was insufficient evidence of his commission of the offenses charged. He maintains that no evidence was adduced to show that anyone but John Haskett fired on the Pinto station wagon, but Raymond Graham, Jr.'s testimony belies that position. Moreover, a defendant who enters into a common design for a criminal purpose is deemed a party to every act done by others in furtherance of such design. *State v. Lovelace*, 272 N.C. 496, 158 S.E. 2d 624 (1968). The trial judge charged that

> for a person to be guilty of a crime, it is not necessary that he himself do all of the things necessary to constitute the crime.
>
> If two or more persons act together with a common purpose to commit an assault with a deadly weapon with intent to kill inflicting serious injury, or to discharge a firearm into an occupied vehicle, each of them is held responsible for the acts of the other done in the commission of the assault with a deadly weapon with intent to kill inflicting serious injury, or discharging a firearm into an occupied vehicle.

There was plenary evidence that Hamp Jacobs joined Haskett in arranging the meeting at the Tram Road, carrying guns to the place of ambush, and lying in wait, and that he fired the initial shot. Though the evidence suggests that Haskett actually wounded James Graham, defendant could be found equally guilty of the shooting. See *State v. Smith*, 221 N.C. 400, 20 S.E. 2d 360 (1942). The motion to dismiss was properly denied and the case correctly submitted to the jury

[3] Defendant argues that the court erred in its instruction on reasonable doubt.

> The court stated:
>
> . . . the burden is on the State to satisfy the jury from the evidence and beyond a reasonable doubt of their guilt.
>
> A reasonable doubt is not a mere possible doubt, for most things that relate to human affairs are open to some possible or imaginary doubt.
>
> A reasonable doubt is a fair doubt based on reason and common sense *generated by the insufficiency of the evidence.*

Defendant asserts that the instruction does not allow for the possibility that a reasonable doubt could be engendered by the evidence presented, only by the absence thereof.

It is well settled that the failure of a trial judge to define the term "reasonable doubt", absent a request, is not error, *State v. Potts*, 266 N.C. 117, 145 S.E. 2d 307 (1965); and "if he undertakes the definition he is not limited to the use of an exact formula." *State v. Shaw*, 284 N.C. 366, 374, 200 S.E. 2d 585, 590 (1973). A

definition that is in substantial accord with previously approved definitions will be deemed sufficient. *Id.* We call defendant's attention to *State v. Brackett,* 218 N.C. 369, 11 S.E. 2d 146 (1940), in which the Court held an instruction that referred to doubt "generated by insufficiency of proof" to be in substantial compliance with its decisions and without error. We hold that the trial judge's use of the phrase "generated by insufficiency of the evidence" renders his charge virtually identical to the instructions in *Brackett* and that it encompasses failure to prove guilt not only by the absence of inculpatory evidence, but by lack of persuasiveness of the evidence presented. In other words, the charge, when read as a whole, fully and fairly stated the law.

Defendant urges upon us the view that the court committed error in its charge by merging two "incompatible" offenses and giving inappropriate instructions regarding common purpose. Defendant was convicted of felonious assault with a deadly weapon inflicting serious bodily injury, and of discharging a firearm into an occupied vehicle. Defendant does not explain upon what basis he considers the offenses incompatible, nor can we divine his reasoning.

[4] The judge's instructions concerning common purpose were entirely appropriate. One may be found guilty of an offense if he was present at the scene of the crime and the evidence shows that he was acting together with another who did the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime. *State v. Cox,* 303 N.C. 75, 277 S.E. 2d 376 (1981), *State v. Joyner,* 297 N.C. 349, 255 S.E. 2d 390 (1979). Defendant complains that the trial judge failed to instruct the jury that "mere presence of a person at the scene of a crime is not enough to constitute aiding and abetting, or acting in concert." There is nothing in the record to indicate that defendant requested an instruction on the insufficiency of mere presence at the scene to establish complicity, nor need we determine whether the trial court was obligated to so instruct, as the evidence outlined above shows more than Hamp Jacobs's presence, and points to his active participation in the shooting. A charge pertaining to "mere presence" was simply not required. *State v. Brower,* 289 N.C. 644, 224 S.E. 2d 551 (1976).

## Defendant Anson Jacobs's Appeal

[5]   Defendant first assigns error to the trial court's denial of his motion for dismissal at the close of the evidence presented by the state and renewed at the close of all the evidence. He assigns error to the denial, arguing that the body of facts adduced was insufficient to sustain his conviction. We hold, on the contrary, that there was ample evidence from which the jury could find complicity in the crime.

The evidence, taken in the light most favorable to the state, shows that defendant drove his companions to the meeting place on the Tram Road, where he parked. He waited in the car while John Haskett and Hamp Jacobs positioned themselves by the road, and he conveyed them away after the shooting. The evidence shows that he was present when the fighting occurred at the Luck Now Tavern and when arrangements were made to meet at the Tram Road. Furthermore, James Graham, Jr., testified that he spoke with defendant on the telephone, and that defendant said to "come down the road, him and Hamp was going to get me and my brother had John to deal with." This evidence would permit the jury to find that defendant Anson Jacobs was present at the scene of the crime, that he shared in the criminal intent of Haskett and Hamp Jacobs, and that he rendered assistance to them in the perpetration of the offense. *State v. Covington*, 290 N.C. 313, 226 S.E. 2d 629 (1976); *see State v. Birchfield*, 235 N.C. 410, 70 S.E. 2d 5 (1952).

In defendants' trial and the judgments rendered, we find

No error.

Judges HEDRICK and VAUGHN concur.