STATE OF NORTH CAROLINA v. NICOLE REGINA THOMPSON

No. COA97-432

(Filed 17 March 1998)

**1. Criminal Law §§ 202, 299 (NCI4th Rev.)— consolidation of calendared and noncalendared charges**

The trial court did not err by allowing the State's motion to consolidate for trial calendared charges against defendant for kidnapping and armed robbery and noncalendared charges for armed robbery and robbery from a person where all charges were based on the same transaction. Defendant's mere assertion that the consolidation of the charges required an altered trial strategy was insufficient to show prejudice, and the requirement of N.C.G.S. § 15A-952(b) that a motion for joinder of charges be made prior to arraignment applies only to motions made by a defendant. N.C.G.S. §§ 7A-49.3, 15A-926(a).

STATE v. THOMPSON

[129 N.C. App. 13 (1998)]

**2. Kidnapping and Felonious Restraint § 3 (NCI4th)— confinement not element of robbery—separate kidnapping conviction**

The evidence was sufficient to support defendant's conviction for kidnapping two victims separate and apart from her conviction for armed robbery where defendant acted in concert with another to force the victims to walk at gunpoint to the meat room in the back of a store; personal property was taken from the two victims and merchandise was taken from the store; and none of the property taken from the victims was kept in the meat room.

**3. Evidence and Witnesses § 1775 (NCI4th)— voice demonstration—voice identification—no self-incrimination violation**

The trial court did not violate defendant's constitutional right against self-incrimination by requiring defendant to demonstrate her voice to robbery victims and the jury for the purpose of voice identification where the court advised the jury to only view the voice demonstration as an example by which the victims could test their recollections of defendant's voice during the robbery.

**4. Appeal and Error § 518 (NCI4th)— consolidated sentence—one conviction set aside—remand for resentencing**

Although the trial court consolidated for judgment defendant's four convictions of armed robbery and imposed a sentence that would have been proper for a single armed robbery, a harmless error standard will not be applied to a conviction for one robbery that the State did not prove, and the case will be remanded for resentencing on the three remaining convictions.

Appeal by defendant from judgments entered 9 August 1996 by Judge William C. Gore, Jr. in Bladen County Superior Court. Heard in the Court of Appeals 27 January 1998.

*Michael F. Easley, Attorney General, by Jill Ledford Cheek, Assistant Attorney General, for the State.*

*Lee, Lee & Garner, L.L.P., by Junius B. Lee, III, attorney for defendant.*

WYNN, Judge.

When read together, N.C. Gen. Stat. § 15A-926(a) and § 7A-49.3(a) permit a judge in a criminal trial to consolidate calendered charges

with non-calendared charges that are based either on the same act or transaction, or on a series of acts or transactions connected together or constituting parts of a single scheme or plan. Because in this case, the non-calendered armed robbery charges are transactionally related to the calendered kidnaping charges, and the joining of those charges did not prejudice the defense, we affirm the trial court's order consolidating those charges for trial.

Secondly, our case law prohibits a conviction for the offense of kidnaping if the removal of the victim from one place to another is not an act separate and distinct from any other act which is an inherent and inevitable part of the commission of another convicted offense. *State v. Irwin*, 304 N.C. 93, 103, 282 S.E.2d 439, 446 (1981). Because the evidence presented at trial was sufficient to sustain defendant's conviction for kidnaping, separate and apart from her conviction for armed robbery, we affirm the trial court's refusal to dismiss the kidnaping charges.

Thirdly, following in line with our decision in *State v. Locklear*, 117 N.C. App. 255, 450 S.E.2d 516 (1994), we find no error in the trial court's decision to order defendant to stand before the jury and utter certain statements allegedly made by her while committing the charged offenses.

Finally, we must vacate defendant's conviction for robbing Lee Edwards because there was no evidence presented at trial showing that she took property from Edwards' person or presence.

### Facts

In August 1995, a Grand Jury in Bladen County issued eleven indictments against Nicole Regina Thompson—eight charging first-degree kidnaping, and three charging robbery with a dangerous weapon. Prior to trial, the State further charged defendant with armed robbery of the Food Folks Store in Bladenboro, North Carolina. That charge and two other non-calendared charges of robbery from a person were consolidated for trial with the eleven calendared charges.

The incidents giving rise to this criminal trial occurred on 19 July 1995 when shift manager Lynwood Smith and store employees Michael Banner, Lee Edwards, Paul Kellihan, Shelby Deaver, Jackie Inman, Vanessa Vann, and Paula Gibson prepared to close the Food Folks Store in Bladenboro, North Carolina. Shortly after 10:00 p.m., a

male approached Banner with a gun and ordered him to the meat room in the back of the store. Banner complied, and when he opened the door to the meat room, he saw a female, whom he would later identify in court as defendant. The female told Banner that nothing would happen if he listened. She then tied his hands with tape and his feet with a telephone cord.

At some point, the male assailant—holding a gun to their heads—ordered Edwards and Kellihan into the meat room. There, the female pointed a gun at Kellihan and ordered him to lie face down on the floor. Both assailants then tied Kellihan. Thereafter, the two directed Edwards to call the store manager to the back. Smith responded and was met by the male assailant, who, at gunpoint, forced Smith and Edwards into the meat room. The assailants tied Edwards and instructed him to lie face down on the floor like the others. They next directed Smith to call the cashiers to the back of the store.

Deaver, Inman, Vann, and Gibson responded to Smith's call. Upon reaching the back of the store, the male assailant led all of them to the meat room where the female assailant—holding a gun—grabbed Deaver by the throat. Thereafter, the assailants used the clothes of the cashiers to tie them up. When Inman attempted to turn around, the female held her gun to the back of Inman's head and told her not to look at her. Deaver also attempted to get a look at the female, but was told by the male not to look at anyone. Both assailants told the cashiers that they would be killed if any of them moved.

Thereafter, Smith—at gunpoint—led the male assailant to the store's cash drawers and safe where he took over seven thousand dollars. He also took money from Smith's wallet. The assailants then tied up Smith in the meat room. Holding a gun, the female assailant told the male to "go ahead" and that she would follow him in five minutes. The assailants told all of the employees that they would be shot if they tried to call the police or follow them. In addition to money taken from the store and Smith, money and rings were taken from Deaver, Inman and Vann.

Following her trial on this evidence, the jury convicted defendant of the second-degree kidnaping of Banner, Smith, Deavers, Edwards, Vann, Inman, Gibson and Kellihan. She was also convicted of robbing Edwards, Inman, the Food Folks Store, and Vann with a dangerous weapon. Thereafter, defendant was sentenced to eight consecutive terms of 25 to 39 months imprisonment for her eight kidnaping convictions. The trial judge consolidated for judgment defendant's four

convictions of robbery with a dangerous weapon, and sentenced her to a term of 55 to 75 months imprisonment. Defendant appealed to this Court.

## Discussion

### I.

[1] First, defendant argues that the trial court's decision to join the calendered cases with those that had not yet been calendered for trial was an abuse of discretion. We disagree.

Under N.C. Gen. Stat. § 15A-926(a), several charges against a criminal defendant may be joined for trial when all the charges are based either (1) on the same act or transaction, or (2) on a series of acts or transactions connected together or constituting parts of a single scheme or plan. N.C.G.S. § 15A-926(a) (1997). A trial court's decision to consolidate is discretionary and is limited to a determination of whether the defendant can receive a fair hearing on each charge, and whether consolidation hinders or deprives the defendant of his ability to present his defense. *State v. Chapman*, 342 N.C. 330, 343, 464 S.E.2d 661, 668 (1995), *cert. denied*, —— U.S. ——, 135 L. Ed. 2d 1077 (1996); *State v. Huff*, 325 N.C. 1, 23, 381 S.E.2d 635, 647 (1989), *vacated on other grounds*, 497 U.S. 1021, 111 L. Ed. 2d 777 (1990); *State v. Silva*, 304 N.C. 122, 126 282 S.E.2d 449, 452 (1981).

Where, however, the consolidation of several charges involves non-calendared charges, the trial court must also consider N.C. Gen. Stat. § 7A-49.3, which requires that the district attorney, at least one week before the beginning of any session of the superior court, file with the clerk of the superior court a calender of those cases he or she intends to call for trial at that session. N.C.G.S. § 7A-49.3 (1995). No case on the calendar can be called for trial before the day fixed by the calendar, except by consent *or by order of the court. Id.*

The defendant acknowledges in her brief that the transactional connection required under N.C.G.S. § 15A-926(a) is present in this case, and that the trial court's order allowing the motion for joinder complied with N.C.G.S. § 7A-49.3(a). Nonetheless, she argues that her defense counsel was "caught off-guard" by the consolidation of the charges. She states that this unfairly forced her to employ a different trial strategy. She also argues that the State ignored the procedural requirements of N.C.G.S. § 15A-952(b) and *State v. Moore*, 41 N.C. App. 148, 254 S.E.2d 252 (1979) which, she contends, required the State to move for joinder prior to or at her arraignment. We disagree.

First, defendant suffered no prejudice from the consolidation of the charges against her. The mere assertion that the consolidation of the charges required an altered trial strategy is not sufficient to prove prejudicial error. She offered no evidence indicating that her new trial strategy compared to the strategy that she would have employed was so inferior that it amounted to an abridgement of her due process rights.

Moreover, as we stated in *State v. Howie*, 116 N.C. App. 609, 615, 448 S.E.2d 867, 871 (1994), "[a] defendant is not prejudiced by the joinder of two crimes unless the charges are 'so separate in time and place and so distinct in circumstances as to render the consolidation unjust and prejudicial to defendant.' " In this case, the calendered and non-calendered charges brought against defendant are virtually inseparable. The charges stem from the same set of circumstances and required almost the same evidence be produced to lawfully convict defendant of having committed them. In addition, there was no lapse of time between the two sets of charges nor a break in any transactional connection between them.

Second, the requirement under N.C.G.S. § 15A-952(b) that a motion for joinder of charges be made prior to arraignment applies only to motions made by a defendant. *See* N.C.G.S. § 15A-952(b) (1998); and *State v. Wilson*, 57 N.C. App. 444, 447, 291 S.E.2d 830, 832 (1982), *disc. rev. denied*, 306 N.C. 563, 294 S.E.2d 375 (1982) (holding that "the provisions of [N.C.G.S. § 15A-952(b)] apply only to motions for joinder made by a defendant"). Indeed, in *State v. Moore, supra*, the case which defendant relies upon, we held that the trial court properly denied *defendant's* motion to join the charges brought against him because under N.C.G.S. § 15A-952(b), defendant was required to make the motion to join prior to or at the time of his arraignment. Furthermore, assuming *arguendo* that the timing requirement of N.C.G.S. § 15A-952(b) applies to motions for joinder made by the State, "it is within the discretion of a trial judge to permit pre-trial motions to be filed at a later time than set out in the statute." *Wilson*, 57 N.C. App. at 447, 291 S.E.2d at 832.

We conclude that the trial court's decision to allow the joinder of all the charges against defendant in no way prejudiced her case, nor was it improper under relevant statutory law. Accordingly, we uphold the trial court's consolidation of defendant's charges in this case.

## II.

[2] Next, defendant cites *State v. Irwin*, 304 N.C. 93, 282 S.E.2d 439 (1981), contending that the restraint and removal necessary to prove the kidnaping of Vann and Inman was an inherent element of the proof needed to convict her of armed robbery. Similar to our holding in *State v. Davidson*, 77 N.C. App. 540, 335 S.E.2d 518 (1985), this case is distinguishable from *Irwin*.

In *Irwin*, the defendant forced a victim at knife point to walk to a safe in the back of a store. Convicted of kidnaping and attempted armed robbery, our Supreme Court vacated the kidnaping conviction stating,

> [T]he victim is not exposed to greater danger than that inherent in the armed robbery itself, nor is he subjected to the kind of danger and abuse the kidnaping statute was designed to prevent.

*Irwin*, 304 N.C. at 103, 282 S.E.2d at 446 (citing *State v. Dix*, 282 N.C. 490, 193 S.E.2d 897 (1972)). The Court concluded that the kidnaping "was an inherent and integral part of the attempted armed robbery," and that "it was a mere technical asportation . . . insufficient to support conviction for a separate kidnaping offense." *Id.*

Unlike *Irwin*, the facts before us are sufficient to support defendant's separate conviction for kidnaping. In *State v. Davidson, supra*, the defendant and an accomplice forced three people at gunpoint to walk to a dressing room in the rear of a clothing store. He taped the victims' arms and legs, and took their money and jewelry. At some point, he forced another customer and her child to the dressing room where he tied them. He took money from the cash register and merchandise from the tables. Convicted of four counts of kidnaping and three counts of armed robbery, he argued on appeal that as in *Irwin*, the confinement and restraint supporting his kidnaping charges were an inherent and integral part of the armed robberies. We disagreed and noted that since "none of the property was kept in the dressing room, . . . it was not necessary to move the victims there in order to commit the robbery." *Id.* at 543, 335 S.E.2d at 520.

As in *Davidson*, the defendant in this case acted in concert with another to force her victims to walk at gunpoint to a room in the back of the store. They robbed Vann and Inman of their personal property and then robbed the store of its merchandise. None of the property taken from Vann or Inman was kept in the meat department, the room

in which the two victims were later transported. Following *Davidson*, we conclude that defendant's removal of Vann and Inman was not an inherent and integral part of the armed robbery that she committed. Thus, the evidence in this case was sufficient to sustain her convictions of the second-degree kidnaping of Vann and Inman.

## III.

**[3]** Defendant next contends that the trial court violated her constitutional right against self-incrimination by requiring her—for purposes of voice identification—to stand before the jury and state: "Who's the manager on duty," and "Don't look at me."

We addressed whether an in-court voice exemplar violates a defendant's constitutional right against self-incrimination in *State v. Locklear*, 117 N.C. App. 255, 450 S.E.2d 516 (1994). At that defendant's robbery trial, a store clerk testified that although she did not need to hear defendant speak in order to identify him, she recalled that the robber had said, among other things, "This is a stick up. Give me all your money[,]" and "[Y]ou didn't push that button, did you [?]" Over the defendant's objection, the trial court required him to speak those particular phrases. In response to questioning after each voice exemplar, the store clerk testified that she recognized defendant's voice as being that which she heard at the time of the robbery. On appeal to this Court, defendant argued, like defendant here, that the trial court erred in ordering him to participate in the voice demonstration, and that such a demonstration amounted to testimonial compulsion in violation of his right against self-incrimination. This Court held that "notwithstanding that [the store clerk] stated that she did not need to hear defendant speak in order to identify him, . . . the trial court correctly requested and required defendant to demonstrate his voice to [the store clerk] and to the jury for purposes of voice identification." *Id.* at 259, 450 S.E.2d at 518. This Court further approved the trial court's limiting instruction to the jury that,

the mere fact that the court has requested and required the defendant to demonstrate his voice to you in no way is indicative of any fact that he may have been present on that occasion. In other words, it was merely for the purpose of illustrating and demonstrating his voice to the witness in this case, and to the jury. And it is in no way indicative of any substantive fact that occurred on that date.

*Id.*

STATE v. THOMPSON

[129 N.C. App. 13 (1998)]

Similar to *Locklear*, the evidence in this case showed that Deaver and Inman were able to identify defendant's voice as that of the female assailant. Deaver testified that a few minutes before 10:00 p.m. a woman came up behind her and asked who was the manager on duty. Without turning around, Deaver responded. Deaver further testified that she recognized the voice of the female assailant in the meat room as that of the woman who had asked her what manager was on duty. To provide a voice sample for Deaver to compare with her memory of the female assailant's voice, Judge Gore ordered defendant, upon the State's request, to stand and state, "Who's the manager on duty?" Judge Gore thereupon halted the examination and gave the jury the following limiting instruction:

> Now, Ladies and Gentlemen of the jury, at this point I would give you a limited instruction regarding this evidence you've just heard. The mere fact that the court has requested and required the defendant to demonstrate her voice to you in no way is indicative of any fact that she may have been present on that occasion or that she made any statements like that on that occasion.

> In other words, it was merely for the purpose of illustrating and demonstrating her voice to the witness in this case and to you members of the jury, that is, to provide a voice exemplar or example for the witness to compare her memory against. And it is in no way indicative of any substantive fact that occurred on that day.

> The witness—the defendant in this case has not testified and her statement of those words, as requested by the court, is no testimony at all.

> If you understand this limiting instruction, please raise your hand.

Responding to the court's inquiry, all the jurors raised their hands. Thereafter, Deaver identified defendant's voice as that of the female involved in the robbery.

Similarly, Inman testified that the female assailant told her not to look at her. Again, to provide a voice sample for Inman to compare with her memory of the female assailant's voice, Judge Gore ordered defendant to stand and state, "Don't look at me." Thereupon, the trial court advised the jury, as it had done during Deaver's testimony, to only view the voice demonstration as an example by which Inman could test her recollection of the voice she heard during the robbery.

After the voice demonstration, Inman identified defendant's voice as the voice she heard the day of the robbery.

In sum, we cannot distinguish *Locklear* from the subject case. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (panel of Court of Appeals is bound by decisions of prior panels unless they have been overturned by a higher court). Accordingly, we conclude that the trial court committed no error in ordering defendant to demonstrate her voice to Deaver and Inman for the purpose of voice identification.

## IV.

[4] Finally, defendant urges us to vacate her Edwards armed robbery conviction because the State presented no evidence that she took personal property from the person or presence of Lee Edwards. *See State v. Church*, 43 N.C. App. 365, 258 S.E.2d 812 (1979) (holding that the State must present evidence, either direct or circumstantial, that the defendant committed every essential element of the offense charged). In its brief, the State does not disagree that the taking of property is an essential element of the offense of robbery, nor does it point out evidence that was presented to show that this element was proven. Rather, the State contends that any error resulting from the trial court's failure to dismiss the Edwards armed robbery charge was harmless and not prejudicial to defendant because, "the sentence which defendant received for all of the armed robberies so consolidated could have been imposed for any single armed robbery . . ."

We decline, however, to apply a harmless error standard to a sentence imposed upon a crime that the State did not prove. We therefore vacate her conviction of armed robbery against Edwards, and remand this matter for resentencing on the remaining armed robbery convictions.

## Conclusion

We note, in conclusion, that defendant also assigns error to the sufficiency of the evidence as to the remainder of her convictions. However, since she advances neither argument nor authority in her brief as to why we should review the balance of her convictions, we deem this assignment of error abandoned. See Rule 28 (b)(5), N.C.R. App. P.; and *State v. Bonney*, 329 N.C. 61, 82, 405 S.E.2d 145, 157 (1991) (holding that a defendant's assignment of error is deemed abandoned where defendant cites no reasonable authority in its support).

In sum, we find no error in the trial courts decision to: (1) consolidate the calendered and non-calendered charges brought against defendant; (2) deny defendant's motion to dismiss the two indictments charging her with the second-degree kidnaping of Deaver and Inman; and (3) order defendant, upon motion of the State, to utter words spoken by the robber for the purpose of helping Deaver and Inman identify the robber's voice. However, because no evidence was presented showing that the defendant robbed Edwards, we vacate that conviction and remand for resentencing on the three convictions she received for the armed robbery of Inman, Smith, and Vann.

No error in the trial; vacated and remanded in part for re-sentencing

Judges EAGLES and WALKER concur.